## MICHAEL CARVIN *v.* THOS. C. BATES & Co.

Plaintiff obtained a judgment against *T. C. Bates & Co.* The pleadings nowhere disclosed the individual names of the partners. The N. O., O. and G. W. R. R. Co. were garnisheed by him and asked whether anything was due by the Company to defendants, *Thos. C. Bates & Co.*, or to *Thos. C. Bates* and —— *Benson.* The R. R. Company answered in the negative. Plaintiff attempted to contradict them. The evidence showed that the R. R. Company owed at the time of the service of the interrogatories, a firm styled *Bates, Benson & Co.*, more than the amount of plaintiff's claims v. *Thos. C. Bates & Co.;* but that *Bates, Benson & Co.* were a distinct firm, composed in part of different members, and doing a distinct business from *Thos. C. Bates & Co.*, and that *Thos C. Bates* and *William B. Benson* belonged to both firms. There was no evidence that either firm had liquidated its affairs, or that there was any collusion to defeat the plaintiff's demand.

*Held:* That the debt due by the R. R. Company to *Bates, Benson & Co.* was a particular asset of that firm, and that as such it could not be taken in execution for the debt of an individual member of the firm; nor could the supposed interest of an individual member of the firm in this particular asset of the partnership, be seized under *fi. fa.* to satisfy his individual debt. No more could the supposed interest of *Bates* and *Benson* in this asset belonging to *Bates, Benson & Co.*, be seized to satisfy the debt of *T. C. Bates & Co.* If it could not be thus seized in execution, it could not be thus attached.

APPEAL from the Fifth District Court of New Orleans. *D. Augustin,* J. *Michel & Gilmore,* for plaintiff.

*M. M. Cohen* and *Holt,* for N. O., O. and G. W. R. R. Co., garnishee and appellant:

Partnership property must be applied to the payment of partnership debts, in

preference to those of the individual partners." C. C., 2794; 12 L., 370; 13 L., 279; 2 R., 453; 11 R., 130; 2 A., 87 and 810; 3 A., 189 and 319.

SPOFFORD J. The New Orleans, Opelousas and Great Western Railroad Company has appealed from a judgment condemning the Company, as garnishee, to pay to the plaintiff the amount of his judgment against *T. C. Bates & Co.*

The plaintiff sought and procured his judgment against the firm of *T. C. Bates & Co.*, in its social name, and the pleadings nowhere disclose the individual names of the partners.

The Railroad Company cited in garnishment was asked, whether anything was due by the Company to "defendants, *Thos. C. Bates & Co.*, or to *Thos. C. Bates* and —— *Benson* ?"

The Vice President of the Company, on its behalf, answered all of the plaintiff's interrogatories in the negative.

The plaintiff sought to contradict these answers, and the question now is, has he succeeded in doing so ?

The evidence is clear that the Company, at the date of the service of the interrogatories, owed a firm styled *Bates, Benson & Co.* more than the amount of the plaintiff's claim against *T. C. Bates & Co.*

But the evidence is equally clear that *Bates, Benson & Co.* were a distinct firm, composed in part of different members, and doing a distinct business from *T. C. Bates & Co.*, although *Thomas C. Bates* and *William B. Benson* belonged to both firms.

There is no evidence that either firm had liquidated its affairs, or that there was any collusion to defeat the plaintiff's demand.

The debt due by the Railroad Company to *Bates, Benson & Co.* was a particular asset of that firm.

As such, it could not be taken in execution for the debt of an individual member of that firm, nor could the supposed interest of an individual member of the firm in this particular asset of the partnership, be seized under *fi. fa.* to satisfy his individual debt. *Smith v. McMeeken*, 3 An., 319 ; *Bank of Tennessee v. McKeaze*, 11 Rob., 136. No more could the supposed interest of *Bates* and *Benson* in this asset belonging to *Bates, Benson & Co.*, be seized to satisfy the debt of *T. C. Bates & Co.*

If it could not be thus seized in execution, it could not be thus attached. *Alexander v. Burns*, 6 An., 704.

The answers of the garnishee have not, then, been successfully impeached, and the judgment must be reversed.

It is therefore ordered, that the judgment rendered in this case against the New Orleans, Opelousas and Great Western Railroad Company, cited in garnishment, be avoided and reversed; and it is further ordered and decreed, that there be judgment in favor of the said Company, with costs in both courts.