No. 2788.—J. Christen v. R. Ruhlman—C. Lusse v. J. Christen.

The right of a creditor of an individual member of a commercial firm to the partnership property is subordinate to those of the partnership creditors.

A sale, by one partner, of his interest in the partnership, to another partner, in payment of his indebtedness to the firm, before the institution of suit by an individual creditor against the partner who sells, can not be successfully attacked by the individual creditor, because it does not impair his rights. Therefore, if, as in this case, the sale of one partner to the óther took place before suit was brought by the individual creditor of the partner who sold, the partner who purchased the interest can successfully resist, by injunction, the sale of the property which formerly belonged to the firm, in payment of the judgment against the partner who has sold his interest.

APPEAL from the Seventh District Court for the parish of Orleans. Collens, J. Augustin & Michel and Samuel Myers, for plaintiff and ·appellant. E. Howard McCaleb, for defendant and appellee.

Howell, J. Caspar Lusse, who was made garnishee in the first, and is plaintiff in injunction in the second of these two consolidated cases, has appealed from a judgment decreeing the notarial act of sale of a grocery establishment and partnership interest from R. Ruhlman to him, C. Lusse, on the twenty-seventh of March, 1869, to be null, and

ordering the said parties to produce "the assets and property in which the interest of said Ruhlman was seized," (specifically describing it,) to be sold under Christen's execution against Ruhlman, "in order that the purchaser of said interest, at sheriff's sale, may be put in joint possession thereof with said Lusse," and, in default thereof, condemning Lusse to pay the judgment of Christen against Ruhlman, and also dissolving the injunction obtained by Lusse, with four hundred dollars damages against him and his surety, J. H. Wilson, who has also appealed.

We deem it unnecessary to express an opinion upon the right to and regularity of the attachment proceedings, as they seem to have been virtually waived by the subsequent seizure under the execution, and the right to make said seizure is raised in the injunction suit.

Lusse, plaintiff in injunction, alleges that he had purchased the interest of his partner, Ruhlman, in all the partnership property and business, prior to the attempted seizure by Christen, under an execution for an individual debt against Ruhlman, while Christen contends that the said sale was simulated and fraudulent.

The evidence satisfies us that there was a real sale, by one partner to another, of his interest in the partnership, prior to the institution of the suit of Christen v. Ruhlman, which put an end to the partnership, and all the acts complained of by Christen might probably avail a creditor of the alleged partnership, but not an individual creditor of the partner who sold. The partnership, in this instance, was largely indebted to Lusse, who furnished all the capital, and was losing money. In buying out his partner, one-half of this indebtedness of the partnership to him was taken as a part of the price, and the balance thereof was paid in cash to the vendor, who was thereafter employed and *paid* as foreman of the establishment.

In all this we see nothing which partners are prohibited from doing, at least nothing of which an individual creditor of one of the partners can successfully complain. The fact that the old advertisement of the firm was continued in a newspaper after the publication of its dissolution in another, might make the retiring partner responsible to creditors dealing with the firm, but could not increase his liability to his individual creditors, whose rights upon the partnership property are subordinate to those of the partnership creditors. In this case, Lusse was a large creditor of the partnership, and the sale to him by his copartner of the latter's interest, was not, in contemplation of law, giving him an unjust preference over an individual creditor of his said copartner. The partnership is distinct from the individuals forming it.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be perpetuated, with costs in both courts.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.