(96 South. 536)

No. 25669.

· TOELKE v. TOELKE.

In re TOELKE. ·

(April 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Partnership ⚎22 — Recording of articles not required, when no real estate owned.**

Under Civ. Code, art. 2836, where particular partnership owned no real estate, recording of the partnership agreement was unnecessary.

2. **Partnership ⚎64—Property not subject to individual debts, because firm name not recorded.**

That partnership was carried on in name of one partner without recording such firm name, under Civ. Code, arts. 2837 and 2838, or filing certificate required by Act No. 64 of 1918, does not make it an absolute nullity and subject its property to payment of individual debt of such partner.

3. **Partnership ⚎181—No estoppel in favor of individual creditor of partner not holding himself out as sole owner.**

When partnership was carried on in name of one of the partners, and he did not hold himself out to the world as sole owner of the business, there was no estoppel in favor of his individual creditor entitling her to subject the partnership property to payment of her debt.

4. **Partnership ⚎63—Particular partnership is distinct from partners composing it.**

A particular partnership, as defined in Civ. Code, art. 2835, is fictitious; being distinct from the partners who compose it.

5. **Partnership ⚎76 — Property belongs to firm and not to partners.**

Partnership property belongs to the partnership, and not to the partners, whose interest is only in the residue after liquidation.

6. **Partnership ⚎181—Effects cannot be seized for individual debt.**

Under Civ. Code, art. 2823, partner's interest may be seized and sold for individual debt of one of the partners, but not the partnership effects.

Suit by the widow of Henry H. Toelke against John M. Toelke, in which bank deposit was garnisheed, and in which partnership, trading under firm name of John M. Toelke, filed intervention and third opposition. A judgment granting plaintiff insufficient relief was reversed by the Court of Appeal, and judgment rendered for plaintiff, and the intervener applies for certiorari or writ of review. Reversed, and judgment of the district court reinstated and affirmed.

J. Zach Spearing, of New Orleans, for applicant.

A. D. Danziger, of New Orleans (P. H. Stern, of New Orleans, of counsel), for executrices respondents.

LAND, J. The executrices of plaintiff obtained judgment in the sum of $5,476.28 against John M. Toelke individually for certain sums of money and notes collected by him for her, and not accounted for after amicable demand.

In execution of this judgment, a writ of fieri facias was issued, and a deposit of $1,930.38 in the Canal Commercial Trust & Savings Bank, standing in the name of John M. Toelke, was garnisheed.

The bank in its answer as garnishee to the interrogatories propounded to it admitted that there was on deposit to the credit of John M. Toelke $1,930.38 at the date of the service of notice of seizure, subject to certain outstanding checks in the clearing house in the sum of $779.22, which were charged to the bank, and also subject to a note of $500, due by John M. Toelke to the bank, whose right to offset said note against said deposit was asserted.

Plaintiff's executrices thereupon ruled the bank to show cause why the total amount of the deposit should not be turned over to her, and, at this juncture, the partnership of John M. Toelke and George Eitmann filed an intervention and third opposition claiming as belonging to said partnership the fund garnisheed, and alleging that said partnership kept said deposit in said bank and conducted its business in the name of John M. Toelke, one of its members, as the firm named selected by said partners.

Intervener prayed for judgment decreeing it to be the owner of said deposit, that the outstanding checks and sum due the bank for borrowed money be paid out of the fund garnisheed, that the balance of said fund be delivered to said partnership, and that the seizure be annulled and set aside.

Plaintiff's executrices thereupon answered the intervention and third opposition. Said answer contains an exception of no right or cause of action, a plea of estoppel based on the averments contained in the petition of intervention and upon failure to record notice of the alleged partnership, and denies the allegations of said petition.

The civil district court for the parish of Orleans overruled these pleas, and, on the merits, rendered judgment in favor of intervener and third opponent, the partnership conducted under the name of John M. Toelke, and in favor of its individual members, decreeing the fund garnisheed to belong to said partnership, ordering the outstanding checks and note due the bank, amounting to $1,279.22, to be paid out of said fund, and subjecting one-half of the balance, the sum of $325.58, the share of Toelke in said fund, to the seizure made by plaintiff's executrices.

An appeal was prosecuted by said executrices from the judgment of the lower court to the Court of Appeal for the parish of Orleans, whose judgment, reversing the decision of the civil district court for said parish, and subjecting the entire deposit of $1,930.38 in said bank to seizure by plaintiff's executrices, is now before us for review in this case.

Applicant prays that the judgment of the civil district court be affirmed, and that the judgment of the Court of Appeal be reversed.

The Court of Appeal held that partnership agreements, to be valid and binding on third persons, must, under articles 2837 and 2838 of the Civil Code, be conducted in the name of all persons concerned, unless a firm name is adopted by articles of partnership reduced to writing and recorded in the manner directed by the last article, and by Act 64 of 1918.

The evidence in the case shows that Toelke and Eitmann, long prior to the seizure, had entered into a verbal partnership agreement, under which they were to conduct a general building and contracting business, consisting mostly of making repairs, and that they agreed, as part of the partnership arrangement, that the business should be conducted and the partnership funds deposited in the

name of John M. Toelke, and that the profits derived from the business should be equally divided between them.

The existence of such partnership, the arrangement for the conducting of its business under the firm name of John M. Toelke, the fact that Toelke and Eitmann were known as equal partners and dealt with as such by merchants selling goods to them, and the fact that the bank knew of the existence of such partnership and that its funds were deposited in the firm name of John M. Toelke, are matters clearly established by the evidence in the case.

Article 2835 of the Civil Code provides that—

"Particular partnerships are such as are formed for any business not of a commercial nature."

The partnership under consideration is evidently a particular partnership.

Article 2836, of the Civil Code also provides that—

"If any part of the stock of this partnership consists of real estate, it must be in writing, and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendam."

[1] There is no evidence in the record showing that the partnership of Toelke and Eitmann owned any real estate, and the recordation of the partnership agreement between them was therefore unnecessary.

Article 2837 of the Civil Code, under the head "of particular partnership," provides that—

"The business of this partnership must be conducted in the name of all the persons concerned, unless a firm is adopted by the articles of partnership reduced to writing, and recorded in the manner directed by the last article."

Article 2838 of the Civil Code provides that—

"If the articles be recorded, the parties may themselves adopt a firm which shall be composed of the name of one or more of the partners, but no other name than those of the concerned shall enter into such firm."

Act 64 of the Legislature of 1918 provides:

"That no person or persons shall hereafter carry on or conduct or transact any business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall first file in the office of the register of conveyances, in the city of New Orleans, or of the clerk of court, as the case may be, of the parish or parishes in which such person or persons conduct or transact, or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be conducted or transacted, and the true or real name or names of the person or persons owning, conducting or transacting the same, with post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged before a notary public by the person or persons so conducting or intending to conduct said business." Section 1.

Section 2 of said act provides:

"That any person or persons now conducting such business under an assumed name or under any such designation referred to in the section 1 of this act, shall file such certificate as hereinbefore prescribed, within sixty days after this act shall take effect, and persons hereafter conducting or transacting business as aforesaid, shall, before commencing such business, file such certificate in the manner hereinbefore prescribed."

[2] The Court of Appeal held that, as said articles of the Civil Code and the provisions of said act had not been complied with, and that as Toelke had held himself out to the world under the law as the sole owner of whatever business may have been conducted, and, having deposited the funds in the bank to his individual credit, that the court considered this under the law his property and his funds, and subject to the seizure in this case.

The Court of Appeal rejected the claim of the bank and of all of the other creditors of the partnership of Toelke and Eitmann,

declared the property of the partnership to belong to Toelke individually, and subjected said·property in toto to the payment of the individual debt of Toelke due to plaintiff's executrices.

The decision of the Court of Appeal holds that when the articles of the Code and the provisions of Act 64· of 1918 are not complied with, the penalty shall be the absolute nullity of the partnership, and the forfeiture of its property to the payment of the individual creditors of the person under whose name the firm is conducting its business.

Neither said articles of the Code nor said act contains any such penalties. In fact, the articles of the Code prescribe no penalty whatever for their infringement.

Act 64 of 1918 is a criminal statute. The violation of its provisions are declared by said act to be a misdemeanor, punishable, upon conviction, by a fine of not less than $25 nor more than $100, or by imprisonment for not less than 10 nor more than 60 days. No other penalty for its violation is denounced, nor can any other penalty be inflicted by the courts.

Where a statute forbids the doing of business under an assumed name except in certain cases, a debtor of such persons cannot claim nullity of his engagement on account of the creditor's violation of·the statute, where the only penalty affixed by the statute is making it a misdemeanor and subjecting the offender to a fine. Smith v. Williams, 152 La. 948, 94 South. 859.

[3] We fail to find from the evidence in the record that Toelke held himself out to the world as the sole owner of the business conducted in his name. On the contrary, the evidence is abundant and convincing as to the existence of the partnership between Toelke and Eitmann, and as to the fact that its business was conducted under the name of Toelke, and its funds deposited in bank in his name, as the name selected by the partners for the firm.

We therefore conclude that the plea of estoppel was erroneously sustained by the Court of Appeal, and, under our view of the case, the exception of no cause of action is without merit, based, as it is, upon the absence of allegations in the petition of intervention of compliance with the articles of the Code and the act of 1918.

[4, 5] Plaintiff had no dealing whatever with the firm of Toelke and Eitmann. Her suit is for moneys collected by defendant, her son, while attending to her private affairs, and the judgment obtained by her executrices against the defendant is for the recovery of these funds, and is against the defendant individually. A particular partnership is a fictitious being, distinct from the partners who compose it. Partnership property belongs to the partnership, and not to the partners, whose interest is only in the residue after liquidation. Succession of Pilcher, 39 La. Ann. 362, 1 South. 929; Townsend v. Payne & Co., 42 La. Ann. 913, 8 South. 626.

[6] The partnership property is liable to the creditors of the partnership, in preference to those of the individual partner; but the share of any partner may, in due course of law, be seized .and sold to satisfy his individual creditors, subject to the debts of the partnership; but such seizure, if legal, operates as a dissolution of the partnership. C. C. art. 2823.

A partner's interest may be seized and sold, but partnership effects cannot be seized for the individual debt of one of the partners. Levy & Segar v. Cowan & Mayo, 27 La. Ann. 556; City of New Orleans v. Gauthreaux, 32 La. Ann. 1126; Pittman et al. v. Robicheau, 14 La. Ann. 108; Bank of Tennessee v. McKeage, 11 Rob. 130; Smith v. Williams, 22 La. Ann. 270; Carvin v. Bates & Co., 10 La. Ann. 756; Marston & Co. v. Dewberry, 21 La. Ann. 518.

Creditors of an individual cannot apply the assets of a partnership, of which that individual is a member, to the payment of his debt, to the prejudice of creditors of the partnership.· Christen v. Ruhlman, 22 La. Ann. 570; Carter v. Galloway, 36 La. Ann. 473.

It follows, therefore, that the seizure in this case of the partnership funds of Toelke & Eitmann on deposit in the bank by the executrices of plaintiff, in execution of the judgment obtained against the defendant, Toelke, individually, and under garnishment process, was unauthorized and' illegal, and that the judgment of the Court of Appeal, sustaining such seizure and ordering the payment of the fund garnisheed to the executrices of plaintiff, the creditor of the individual partner, Toelke, in preference to the bank and to the other creditors of said partnership, is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal for the parish 'of Orleans be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the judgment of the district court for the parish of Orleans be reinstated and affirmed.

O'NIELL, C. J., concurs in the result.