**FIRST NAT. BANK OF SHREVEPORT v. DAVIS et al.**

No. 4498.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Dickson & Denny, of Shreveport, for appellant.

W. W. McDonald, of Shreveport, for appellees.

DREW, Judge.

The First National Bank of Shreveport sued Ernest S. Davis and the De Luxe Sandwich Shop, Incorporated, in solido, for the sum of $450, with 8 per cent. interest thereon from June 21, 1932, until paid, and 10 per cent. attorney's fees upon both principal and interest; and in the further sum of $625, with 8 per cent. per annum interest from July 16, 1932, until paid, and 10 per cent. additional upon both principal and interest, as attorney's fees; and in the further sum of $450, with 8 per cent. per annum interest thereon from June 16, 1932, until paid, and 10 per cent. upon both principal and interest, as attorney's fees, alleging it was the holder and owner before maturity for a valuable consideration, of three promissory notes, as above described, made and signed by Ernest S. Davis, the first note dated March 21, 1932, due 91 days after date; the second, dated May 16, 1932, due 30 days after date; and the third, dated May 30, 1932, due 30 days after date.

Plaintiff further alleged the notes to be past due and unpaid. It alleged that Ernest S. Davis and his brother, John Davis, were the owners of the De Luxe Sandwich Shop as a partnership on and prior to June 17, 1932, on which date they, together with the wife of Ernest S. Davis, attempted to formulate a corporation, known as the "De Luxe Sandwich Shop, Incorporated," and at the same time sold and delivered to the corporation all the assets, furniture, and fixtures of the De Luxe Sandwich Shop for the consideration of shares of stock in the corporation; that Ernest S. Davis and wife received 60 out of the 70 shares of the capital stock of the new corporation, and that the assets of the partnership transferred to the corporation were valued at $7,000; that the transfer of the assets of the De Luxe Sandwich Shop to the De Luxe Sandwich Shop, Incorporated, was in bulk and out of the ordinary course of trade of the regular and ordinary prosecution of its business and consisted of substantially all the merchandise and fixtures owned by the De Luxe Sandwich Shop; that Act No. 270 of 1926 (known as the Bulk Sales Act) was not complied with by the giving of notice, etc., and that the transfer was willfully and knowingly made to put the property of Ernest S. Davis beyond the reach of his creditors; that the transfer is void and of no effect as against petitioner; that the De Luxe Sandwich Shop, Incorporated, is liable in solido with Ernest S. Davis for the amount of the payment of your petitioner; and that writs of attachment are necessary to protect petitioner.

Plaintiff prayed for judgment in solido against both defendants for the amount of the notes, interest, and attorney's fees, and that the sale of the property from De Luxe Sandwich Shop to De Luxe Sandwich Shop, Incorporated, be declared null and void and that writs of attachment issue ordering the sheriff to seize all the property transferred by the De Luxe Sandwich Shop to the De Luxe Sandwich Shop, Incorporated, and that same be held subject to all claims of all the creditors.

Defendants, in answer, admitted the formation of a corporation and denied there was any necessity for defendants' complying with the provisions of Act No. 270 of 1926, because of the fact that the partnership, De Luxe Sandwich Shop, or the De Luxe Sandwich Shop, Incorporated, are in no wise and never were legally bound for the personal obligations of Ernest S. Davis, and particularly so because the obligation of Ernest S. Davis to the plaintiff was sufficiently secured by collateral secured by the said Davis. The other allegations of the petition are denied, and in reconvention, defendant Ernest S. Davis prays for the return to him of 50 shares of Arkansas Natural Gas Company, A–Common, 90 shares of Cities Service Company, Common, and 50 shares of Warner Brothers, the stock pledged by Ernest S. Davis to plaintiff as collateral security. He prays for the return of said stock for the reason that plaintiff has abandoned said securities by failing to allege on it in the present suit. Later, both defendants filed exceptions of no right or cause of action.

The lower court sustained the exception of no cause of action as to De Luxe

Sandwich Shop, Incorporated, and overruled both exceptions as to Ernest S. Davis. On the merits, judgment was rendered in favor of plaintiff for the amount sued for against Ernest S. Davis, and in favor of Ernest S. Davis in reconvention recognizing him as the owner of the stock claimed by him, and his right to have same returned.

Plaintiff appealed from the judgment sustaining the exception of no cause of action as to De Luxe Sandwich Shop, Incorporated, and from the judgment on the reconventional demand. Defendants have answered the appeal and pray that the exception of no right of action be sustained as to De Luxe Sandwich Shop, Incorporated, and that the judgment on the reconventional demand be amended by ordering plaintiff to return the collateral security to Ernest S. Davis. There is no appeal from the judgment against Ernest S. Davis.

■ The exception of no cause of action sustained as to De Luxe Sandwich Shop, Incorporated, is correct. The Bulk Sales Act (Act No. 270 of 1926) does not contemplate a direct action by creditor of seller against transferee to hold it personally liable for any account. M. L. Bath Co. Ltd., v. Booth-McLelland Chevrolet Co. (La. App.) 142 So. 353, 355. In this case, this court said: "The remedy of all the creditors, or of one or more creditors for the benefit of all, is one to require the purchaser to account for the goods acquired by him at a fair value thereof. The statute does not contemplate or provide a direct action on part of any creditor against the transferee to hold him personally liable for any account."

■■ The De Luxe Sandwich Shop is alleged by plaintiff to be a partnership. In contemplation of law, it is a moral being distinct from the persons who compose it, a civil person with distinct rights and attributes. Succession of Pilcher, 39 La. Ann. 362, 1 So. 929; Raymond v. Palmer, 41 La. Ann. 425, 6 So. 692, 17 Am. St. Rep. 398; Donohoe Oil & Gas Company v. Mack-Jourden Co. (La. App.) 142 So. 713.

The partnership itself was not therefore bound legally for the debt of Ernest S. Davis, one of the persons who composed it. Although it is true that the creditors of one principal of the partnership might seize and sell his interest in the partnership, they could not sell the partnership effects (Toelke v. Toelke, 153 La. 697, 698, 96 So. 536), and such a seizure and sale dissolves the partnership and the purchaser only receives the residue due the partner after all partnership debts are paid. It therefore follows that the partnership was not indebted to plaintiff in any amount and was under no legal obligation to comply with the Bulk Sales law (Act No. 270 of 1926), in so far as the debt of plaintiff against Ernest S. Davis was concerned. Plaintiff, therefore, has neither a cause of action nor a right of action against De Luxe Sandwich Shop, Incorporated.

■■ The other part of the judgment appealed from was the judgment on reconventional demand. The lower court found that plaintiff had abandoned its rights to the collateral securities pledged to plaintiff to secure the notes for the reason that plaintiff did not sue on said securities at the time it sued on the note. We think the lower court was in error in this instance. It is not alleged nor shown that plaintiff has received payment of the whole principal, interest, and costs. To the contrary, in this very action it recovered judgment against the pledgor for the amount due it on the note secured by the pledged stocks. Article 3164, Rev. Civ. Code, makes it clear that the creditor in possession of the pledge can only be compelled to return it when he has received the whole payment of the principal, as well as interest and cost. We have been cited to no law, and have found none, to the effect that failure to sue on the pledge at the same time suit is filed on the principal obligation constitutes a waiver or abandonment of the pledge. It therefore follows that the judgment in favor of Ernest S. Davis in reconvention, recognizing him as the owner of the pledged property in the hands of plaintiff and his right to its return, is erroneous. It is true a pledgor does not, by pledging his property, lose title to it, but he is not entitled to its return until the principal obligation is paid.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended in the following respects:

The exception of no right of action as to De Luxe Sandwich Shop is sustained, and the demand of Ernest S. Davis in reconvention is rejected; costs of appeal to be paid by defendant Ernest S. Davis.

As amended, the judgment of the lower court is affirmed.

MILLS, J., recused.