244 So.2d 882 (1971)
AMERICAN BANK & TRUST CO.
v.
James H. MICHAEL et al.
No. 8169.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
Rehearing Denied March 15, 1971.
Writ Refused April 22, 1971.
*883 Karl W. Cavanaugh of Nesom, Mellon, Cavanaugh & Due, Denham Springs, for appellant.
M. Aubrey McCleary, Jr., of McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and PICKETT, JJ.
ELLIS, Judge.
This is an executory proceeding filed by American Bank & Trust Company against James H. Michael and James W. Barber, d/b/a Michael and Barber Construction Company. Bayou State Discount House, Inc. intervened asking that the sale be enjoined and that its materialman's lien against the property seized be recognized and enforced. From an adverse judgment, intervenor has appealed.
Intervenor claims that plaintiff's mortgage is without validity because it was not made by the legal owners of the property. The record shows that the property was acquired by (1) Michael and Barber Construction Company, an ordinary partnership, composed of James H. Michael and James W. Barber; (2) James H. Michael; and (3) James W. Barber, all of whom are recited to be purchasers, and all of whom executed the deed as such.
In the body of the mortgage in question, the mortgagor is recited to be Michael and Barber Construction Company, an ordinary partnership, represented by James H. Michael and James W. Barber. Mr. Michael and Mr. Barber executed the mortgage on behalf of the partnership, and, despite the fact that their names do not appear in the body of the act as mortgagors, also executed it individually. The promissory note secured by the mortgage was signed and endorsed by Mr. Michael and Mr. Barber without any designation of the capacities in which they were signing.
It is stipulated that no written articles of partnership for Michael and Barber are recorded. It is conceded that an ordinary partnership cannot own immovable property unless written articles of partnership are recorded. Article 2836, Civil Code. In such a case, legal title to property standing in the name of the partnership vests in the partners, in their individual capacities. See Madison Lumber Company v. Picheloup, 12 La.App. 196, 125 So. 175 (1929). We therefore find that the legal owners of the subject property at the time of the mortgage were James H. Michael and James W. Barber, individually.
We must therefore decide if the omission from the body of an act of mortgage of the names of the legal owners of the mortgaged property, whose names are properly subscribed thereto, is sufficient to strike the act of mortgage with nullity. The record shows that the mortgage was properly recorded, and indexed in the names of the partnership and both partners.
*884 Article 3300 of the Civil Code provides that:
"Conventional mortgages can only be agreed to by those who have the power of alienating the property which they subject to them."
Article 3305 of the Civil Code provides that:
"A conventional mortgage can only be contracted by act passed in presence of a Notary and two witnesses, or by act under private signature."
Article 3306 of the Code provides:
"To render a conventional mortgage valid, it is necessary that the act establishing it shall state precisely the nature and situation of each of the immovables on which the mortgage is granted."
Article 3309 states:
"To render a conventional mortgage valid, it is necessary that the exact sum for which it is given, shall be declared in the act."
The subject mortgage satisfies all of the above conditions.
R.S. 35:11 and 35:12, which provide that notaries shall insert the full names, marital statuses and addresses of all parties to their acts, are directory only. The failure of the notary to do so may subject him to penalty, but does not affect the validity of the mortgage.
R.S. 44:135, which forbids the recordation of deeds and mortgages not containing a full statement of marital status of each party, is also directory, and cannot affect the validity of the instrument.
In succession of Benjamin, 39 La.Ann. 612, 2 So. 187 (1887), we find the following language:
"To create a conventional mortgage, two things are essential, viz.: the intention to create it on the part of the parties to the contract; and, in order to have effect in regard to third parties, the expression of that intention with sufficient clearness to serve as notice to them when the instrument is recorded."
In this case, we have a mortgage passed before a notary and two witnesses, in authentic form, executed by the legal and record owners of the property covered thereby. It satisfies in all respects the requirements of the Codal articles hereinabove set forth. We think the intention of the parties to create a mortgage on the property is clear, and that it is sufficient to serve as notice to third parties of its existence, as evidenced by the fact that the mortgage is indexed in the names of the partnership and the partners.
We do not mean to intimate by this opinion that any signatory to any notarial act whose name does not appear in the body thereof as a party is of necessity bound by its provisions. However, we think that the circumstances of this case are such as to justify that conclusion.
The judgment appealed from is affirmed, at intervenor's cost.
Affirmed.