251 So.2d 459 (1971)
GULF UNION MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
MICHAEL AND BARBER CONSTRUCTION COMPANY, Defendant
(Bayou State Discount House, Inc.), Intervenor-Appellee.
GULF UNION MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
Edwin Reed NETTERVILLE and Marjorie Jordan Netterville, Defendants
(Bayou State Discount House, Inc.), Intervenor-Appellee.
Nos. 8434, 8435.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
*460 Donald S. Zuber, of Seale, Smith, Baine & Phelps, Baton Rouge, for plaintiff-appellant.
Karl W. Cavanaugh, of Nesom, Mellon, Cavanaugh & Due, Denham Springs, for intervenor-appellee.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
SARTAIN, Judge.
These consolidated cases arise out of executory proceedings filed by Gulf Union Mortgage Corporation, plaintiff-appellant herein, against Michael and Barber Construction Company, a partnership, and Mr. and Mrs. Edwin Reed Netterville, after the partnership and the Nettervilles had defaulted on their respective obligations under mortgage notes held by Gulf Union. Bayou State Discount House, Incorporated, intervened seeking to enjoin the foreclosures and asking that its judicial mortgage be recognized and enforced against the subject properties. From a judgment in favor of the intervenor, plaintiff Gulf Union has appealed. We affirm the judgment of the trial court.
The facts giving rise to these suits are not seriously in dispute. On January 30, 1969, one Thomas L. Sullivan sold two lots in Livingston Parish (being designated for the sake of convenience herein merely as Lots 10 and 14) to "MICHAEL AND BARBER CONSTRUCTION COMPANY, a partnership domiciled in the Parish of Livingston, State of Louisiana, represented by James H. Michael and James W. Barber".
On February 7, 1969, "MICHAEL AND BARBER CONSTRUCTION COMPANY, a partnership domiciled in the Parish of Livingston, State of Louisiana, represented by James H. Michael and James W. Barber" executed a construction mortgage *461 in favor of any future holder or holders on Lot 10 as security for a promissory note in the sum of $15,750.00. The mortgage was signed by both partners and it was designated that they were signing as representatives of the partnership. The promissory note was made payable to "ITSELF" and likewise endorsed in blank in the name of the partnership with both partners signing in a representative capacity. The mortgage was duly recorded on February 10, 1969. The original holder of the promissory note endorsed it to plaintiff herein, Gulf Union Mortgage Corporation, on May 4, 1970, and on May 21, 1970, Michael and Barber Construction Company having defaulted on its obligation, Gulf Union filed a petition for executory process seeking to foreclose on the mortgage.
Bayou State Discount House, Incorporated, filed a petition of intervention asserting a judicial mortgage resulting from a default judgment recorded April 24, 1970, against "Michael and Barber Construction Company, James H. Michael and James W. Barber, in solido, as between (the Company, Michael and Barber), and jointly as between James H. Michael and James W. Barber."
Also, on February 7, 1969, "MICHAEL AND BARBER CONSTRUCTION COMPANY, a partnership domiciled in the Parish of Livingston, State of Louisiana, represented by James H. Michael and James W. Barber" executed another construction mortgage in favor of any future holder or holders on Lot 14 as security for another promissory note in the sum of $15,750.00. As in the case of the mortgage on Lot 10, the act was signed by both partners, clearly in a representative capacity, and the promissory note was made payable to "ITSELF".
On November 14, 1969, by an act of sale with mortgage, "MICHAEL & BARBER CONSTRUCTION COMPANY, a partnership domiciled in the Parish of Livingston, State of Louisiana, between James H. Michael and James W. Barber, herein represented by James H. Michael" transferred Lot 14 to the Nettervilles for a consideration of $21,000.00, of which $800.00 was paid in cash and the balance of which was secured by a mortgage and the vendees' promissory note. On October 2, 1970, the Nettervilles having defaulted on their obligation, Gulf Union again filed executory proceedings, as holder of the note, and again Bayou State Discount House intervened, asserting that the sale to the Nettervilles was invalid and asking that its judicial mortgage be recognized and enforced.
It is stipulated between the parties that no written articles or act of partnership for Michael and Barber Construction Company were recorded in Livingston Parish at any relevant time.
In sum, we are concerned with the validity vel non, first, of the mortgage from the partnership to Gulf Union on Lot 10, and, second, of the sale from the partnership to the Nettervilles and of their mortgage to Gulf Union on Lot 14, where the act of partnership had not been reduced to writing and recorded as required by law.
Article 2836 of the Civil Code reads as follows:
"Art. 2836. If any part of the stock of (an ordinary) partnership consist of real estate, it must be in writing, and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendam."

Article 2848 of the Civil Code reads, in part, as follows:
"Art. 2848. The officer authorized to record mortgages, shall keep a separate book for the purpose of recording acts of partnership, which shall be, at all office hours, open for the inspections of any person who may choose to consult the same, and shall receive the same fees to which he is entitled for the recording of mortgages and for certificates and copies * * *."
*462 Our jurisprudence is consistent in holding that where immovable property is purportedly bought in the name of a partnership which has not recorded its act of partnership, the title to the property vests automatically in the partners in their individual capacities. American Bank and Trust Co. v. Michael, 244 So.2d 882 (1st La.App., 1971), writ refused; Madison Lumber Co. v. Picheloup, 12 La.App. 196, 125 So. 175 (Orleans App., 1929). We therefore find that the legal owners of Lots 10 and 14 after the acquisition from Mr. Sullivan were James H. Michael and James W. Barber, individually.
There is clear statutory authority, L.R.S. 1:10, and a long line of jurisprudence to the effect that a partnership is a legal entity, separate and distinct from the persons who compose it, with its own rights, obligations and causes of action. La.C.C. Art. 2801; Toelke v. Toelke, 153 La. 697, 96 So. 536 (1923). The question before us is whether third persons may validly acquire an interest in immovable property from a legal entity which does not and legally cannot itself hold title to such property. We think not.
The following Civil Code Articles are pertinent to the effect of the transactions involved herein:
"Art. 1782. All persons have the capacity to contract, except those whose incapacity is specially declared by law."
"Art. 2445. All persons may buy and sell, except those interdicted by law."
"Art. 2452. The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person."
"Art. 3300. Conventional mortgages can only be agreed to by those who have the power of alienating the property which they subject to them."
If any effect is to be given to the requirement of Article 2836, supra, it must follow that a partnership which has failed to record its act cannot as a separate entity validly sell or mortgage immovable property legally owned by the individual partners. Under Article 2848, this fact of recordation vel non is a fact which may be discovered by an inspection of the public records.
Our decision in American Bank & Trust Co. v. Michael, supra, is not in conflict herewith. In that case, this court specifically found that the act of mortgage was signed by the partners both in a representative capacity and in their individual capacities and that the promissory note secured thereby was signed by both partners with no designation of capacity. The court found that the mortgage was thus valid, notwithstanding the fact that the partners' names did not appear as mortgagors in the body of the act. The court found further that the mortgage was executed by the legal and record owners and that sufficient notice thereof was given to third persons from the face of the act, and added in passing that the mortgage was indexed in the name of the partnership and the individual partners so that a third person could not be misled.
As pointed out at length hereinabove, all instruments in the instant cases were signed by one or both partners solely in a representative capacity. To say that they also acted to divest themselves of their individual interests is to ignore all of the declarations contained on the face of those instruments.
Gulf Union's contention that it is entitled to rely on the deed by which the partnership as an entity purportedly acquired Lots 10 and 14 to show that it was the record owner is without merit. The fact that an instrument is recorded does not have the effect of making all recitals contained therein true. It could not have the effect in this case of excusing the partnership from the prerequisite of recording its written act in order to hold title to immovable property. Recordation of acts of *463 sale or mortgage protects valid rights but cannot create rights in entities otherwise not entitled to possess them.
In conclusion, we note that this decision is not concerned with any equities, warranties or other rights existing between the partnership, or its partners, and Gulf Union or the Nettervilles. We have only decided the claim of a judgment creditor, with a judicial mortgage against the property of the individual partners, as against the claim to the same property of a purported conventional mortgagee of the partnership entity and its purported vendee.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant's costs.
Affirmed.