SARTAIN, Judge.
This is a suit on a rental contract for a piece of mobile equipment coupled with a claim for special damages caused to the equipment while it was in the possession of one of the defendants. Defendant, Wilbert M. Carbo, appeals from a judgment rendered against him in the amount of $1,382.-95. For reasons hereinafter stated, we reverse and remand.
Plaintiff’s petition alleges, inter alia, that in April of 1970 one Carey Stevens arranged for the rental of the equipment on the basis of $1,081.60 per month; that Carey Stevens was acting either individually or on behalf of Magnolia Construction Company, Inc. or C & C Contractors, a commercial pertnership composed of Wilbert M. Carbo and Ernest C. Donnell, Jr. The equipment was delivered to Carey Stevens and/or Magnolia Construction Company and/or C & C Contractors on April 25, 1970 and was used by these named defendants from that date through June 25, 1970. On or about May 25, 1970, plaintiff received a check from C & C Contractors in the amount of $1,081.60, leaving a balance due in the same amount for the rental period of May 25, 1970 to June 25, 1970. In addition, plaintiff averred that defendants or their agents damaged the equipment to the extent of $301.35.
We quote the prayer in its entirety:
“WHEREFORE, PETITIONER PRAYS that a copy of this petition, together with citation to appear and answer same be served upon the defendants, and that after all legal delays and due proceedings had, there be judgment herein in favor of petitioner, J. E. La-Coste, Sr., and against the defendants, Carey Stevens, C & C .Contractors, and Wilbert M. Carbo and Ernest C. Donnell, individually, and Magnolia Construction Company, Inc., jointly and in solido, in the full sum of ONE THOUSAND THREE HUNDRED EIGHTY TWO AND 95/100 ($1,382.95) DOLLARS, together with legal interest from date of judicial demand until paid and for all costs.”
Service of process was made on each of the parties named in the prayer, above.
Prior to trial on the merits, Carey Stevens, Magnolia Construction Company, Inc. and Ernest C. Donnell, Jr., were released *804 on various exceptions. C & C Contractors and Wilbert M. Carbo filed an answer in the nature of a general denial with certain exceptions which will be more fully discussed hereinafter.
On the date this matter was set for trial on the merits defendant, Wilbert M. Carbo, did not appear. Plaintiffs[1] then produced evidence in support of their claim and judgment was rendered as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs, Rowena Poche LaCoste and J. E. LaCoste, Jr., and against the defendant, Wilbert M. Carbo, d/b/a C & C Contractors, in the full sum of ONE THOUSAND THREE HUNDRED EIGHTY TWO AND 95/100 ($1,382.95) DOLLARS, together with legal interest from date of judicial demand until paid, and for all costs.”
Defendant, Wilbert M. Carbo, now appeals and contends (1) that he was sued only in his capacity as an alleged partner of C & C Contractors and in the absence of any proof as to the existence of the partnership he can not be held individually; and, (2) that he was not given adequate notice of trial. C.C.P. Art. 1571.
Counsel for plaintiffs argues that Carbo was joined, served and cited separately from that of C & C Contractors and the judgment against him is proper and should be affirmed.
However, when we consider the law relating to the liability of a partner, the pleadings herein, and the proof offered by plaintiffs, we are confronted with certain basic propositions that are mutually exclusive.
First, in Louisiana a partnership is a separate legal entity, distinct from the persons comprising it. Gulf Union Mtg. Corp. v. Michael & Barber Const. Co., 251 So.2d 459 (La.App.1st, 1971). A partner’s liability is dependent upon the type of partnership involved. In an ordinary partnership, the liability of a partner is only for his virile share; whereas, in a commercial partnership, the liability of a partner is in solido. C.C. Art. 2872. Accordingly, in a suit against a partner for a partnership obligation, the partnership itself is an indispensable party to the action. C.C.P. Art. 737; Stone v. Stone, 293 So.2d 523 (La. App.4th, 1974).
Carbo’s first assignment of error, above, is premised on these rules of law relating to liability of a partner. In Williams v. Ralph R. Miller Shows, 15 So.2d 249 (La.App.1st, 1943),[2] this court held that failure to prove the existence of a partnership was fatal to plaintiff’s claim for damages against certain alleged partners.
On the other hand, plaintiffs contend that personal service on Carbo of the petition which contained all the salient facts identifying the contract sued upon put him on notice of possible liability. They argue that the fact that they started out with one “theory” of Carbo’s involvement in the rental transaction (through a partnership) and ended up with another basis for liability (under a trade name) is not a defect in their case. They cite Cox v. William M. Heroman & Co., Inc., 298 So.2d 848 (La., 1974) which stated that:
“So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact pleadings and evidence; the ‘theory of the case’ is abolished as a pleading requirement or restriction. Articles 862, 1154, 2164.”
*805 We agree that under Cox, above, plaintiffs would have been privileged to offer evidence concerning Carbo’s exact involvement in the transaction. Had plaintiffs done this their contention would have merit. There is not one scintilla of evidence in the testimony given at the hearing which can be reasonably construed to support the conclusion that Carbo was doing business under a trade name or as the sole proprietor of C & C Contractors. The testimony throughout speaks of “Carbo of C & C Contractors”. The check received for one month’s payment was from C & C Contractors. The true identity of and Carbo’s relation to C & C Contractors are left in absolute limbo.
The issue here should not be confused with our practice of fact pleadings on the one hand and the theory of the case pleading on the other. We adhere to the former and reject the latter. What is at issue here is the requirement that there be contained in the record a fundamental element of proof. The fact that the petition put Carbo on notice of “possible liability” does not relieve plaintiff of the burden of proving the extent of his liability.. This burden-can only be satisfied when the true identity of C & C Contractors is shown.
The joint answer [3] filed by C & C Contractors and Carbo sheds no light as to the identity of C & C Contractors. Yet, the answer does admit to the existence of the contract and to liability thereunder to the extent of $275.05. The pretrial order[4] states that the only issue to be litigated is the actual term of the agreement. It generally negates the possibility that the identity of C & C Contractors would ultimately be an issue. Under these circumstances we feel that justice will best be served by a remand of this matter.
Inasmuch as this matter is to be remanded it is not necessary that we address ourselves to defendant’s second assignment of error, above, relating to his contention that he did not receive adequate notice of trial.
Accordingly, for the above reasons, the judgment of the trial court is hereby annulled and set aside and this matter is remanded for further proceedings in accordance with the views herein expressed. The assessment of costs is to await a final determination on the merits.
Judgment annulled and case remanded.

. On the morning of the trial, Mrs. Rowena Poche LaCoste and J. E. LaCoste, Jr., the widow and the only surviving heir, respectively, of J. E. LaCoste, Sr., were substituted as party plaintiffs. C.C.P. Art. 801.

. On rehearing on other grounds, 17 So.2d 67 (La.App. 1st 1944) and on writs granted on the same, 17 So.2d 389 (La.App. 1st 1944).

. Prepared by Carbo’s previous attorney.

. Ibid.