286 So.2d 454 (1973)
John H. McCARTHY and B. Hall Davis, Plaintiffs-Appellees,
v.
Ned J. PLAISANCE, Defendant-Third-Party Plaintiff-Appellee.
LISI REALTY, INC., Third-Party Defendant-Appellant.
No. 9583.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 8, 1974.
*455 Joseph A. Gladney, Baton Rouge, for LISI Realty.
John B. Williams, Baton Rouge, for Plaisance.
Charles W. Wilson, Jr., Baton Rouge, for McCarthy and others.
Before SARTAIN, TUCKER and WATSON, JJ.
SARTAIN, Judge.
This suit arose out of a real estate transaction involving the sale of three parcels of immovable property located in East Baton Rouge Parish. John H. McCarthy and B. Hall Davis were the sole owners of the capital stock in a corporation named Capitol Farms, Inc. Capitol Farms, Inc. was the owner of a six-acre tract of land which included a chicken house and large barn. John H. McCarthy owned an adjoining twenty-eight acre tract of land and B. Hall Davis was the owner of another adjoining piece of property comprised of four acres with a house thereon. McCarthy and Capitol Farms, Inc. sought to sell their properties and McCarthy and Davis sought to sell their capital stock in the Corporation. By a written purchase agreement acquired by an agent of LISI Realty, Inc., Ned J. Plaisance agreed to purchase and John H. McCarthy, B. Hall Davis and Capitol Farms, Inc. agreed to sell the property and the capital stock for a stated total consideration of $61,400.00, which included assumption of an existing mortgage indebtedness of $50,400.00 owed by Capitol Farms, Inc. to the Baton Rouge Production Credit Association. This purchase agreement was signed by all parties and was dated January 17, 1972. A cash payment of $3,000.00 was made to LISI Realty, Inc. (LISI) by Plaisance at the time the agreement was signed. According to the terms of the agreement the sale was to be passed as soon as the papers were processed.
On February 18, 1972 the parties met at the office of a Notary Public for the purpose of consummating the sale in accordance with the purchase agreement. Acts of sale were passed whereby Plaisance purchased the capital stock of Capitol Farms, Inc., the six acre tract of land owned by Capitol Farms, Inc., and the 28 acre tract of land owned by John H. McCarthy. Testimony in the record indicates that Plaisance and B. Hall Davis were to swap equities in order that Plaisance might acquire the 4 acre tract of land owned by Davis. However, the Davis tract was not included in the transactions of February 18, 1972 due to a question concerning the settlement of a succession involving that piece of property. Plaisance never acquired this Davis tract.
At the time of the above mentioned sales Mr. Plaisance deposited an additional $2,200.00 with the notary. The capital stock certificates were given to Plaisance and a $3,000.00 loan was given to Plaisance by John McCarthy and B. Hall Davis in the form of a $1,500.00 check from each of them. In addition, Plaisance also executed a mortgage on the properties purchased in favor of Baton Rouge Production Credit Association in the amount of $55,000.00.
All of the documents and $2,200.00 deposit were supposed to remain in trust with the notary until after midnight of the third business day following the sale because under the Federal Truth in Lending Act Plaisance had the right to cancel the sale and mortgage until that time. However, the acts of sale and the mortgage were erroneously recorded by the notary before the time period had elapsed. Also, the $2,200.00 was turned over to LISI by the notary. During the three day period Plaisance *456 did rescind the mortgage and sale. However, he cashed one of the $1,500.00 checks and failed to return the stock certificates.
Subsequently, John H. McCarthy, and B. Hall Davis filed suit against Plaisance seeking cancellation of the erroneously recorded conveyances, a return of the capital stock in Capitol Farms, Inc. held by Plaisance, and a return of the $1,500.00 received by Plaisance. On October 4, 1972 Plaisance answered and asserted a reconventional demand against McCarthy and Davis for the return of the $5,200.00 which he had deposited. Plaisance also filed a third party demand against LISI Realty, Inc. and/or Capitol Farms, Inc. in which he sought return of the $5,200.00 if it was determined that the money was in either of their hands. McCarthy and Davis answered the reconventional demand alleging that they had never received the $5,200.00 deposited by Plaisance and hence could not repay it. Capitol Farms, Inc. filed an exception and answer to the third party demand. Although LISI was served with the third party petition, it failed to answer or file any other pleading.
The original plaintiffs on the main demand, McCarthy and Davis, filed a motion for summary judgment against Plaisance on January 16, 1973 and said motion was set for argument on January 29, 1973. On motion by Plaisance a continuance of this hearing was granted until February 5, 1973. After hearing on February 5, 1973 the motion was denied and a pretrial conference was set for February 8, 1973. At the pretrial conference a trial date was set for February 12, 1973. Trial on the merits was held on February 12, 1973.
Due to the failure of LISI to file any responsive pleading, third party plaintiff-Plaisance entered a preliminary default against LISI on February 5, 1973. This default was confirmed on February 12, 1973 at the trial on the main demand.
Judgment was rendered February 12, 1973 and signed February 23, 1973 on the main demand in favor of the original plaintiffs, McCarthy and Davis, and against Plaisance. This judgment ordered cancellation and annulment of the erroneously recorded conveyances, a return of the capital stock of Capitol Farms, Inc. to plaintiffs, and held Plaisance liable for the $1,500.00 received by him. The reconventional demand by Plaisance against McCarthy and Davis was rejected, as was his third party demand against Capitol Farms, Inc. However, on confirmation of default Plaisance was granted recovery against third party defendant-LISI in the amount of $5,200.00 plus legal interest.
LISI brings this devolutive appeal from the judgment rendered against it on confirmation of default. No appeal has been filed by either Plaisance or McCarthy and Davis, the plaintiffs in the original suit. Therefore, the only issue before us is whether or not the default judgment was properly granted.
LISI sets forth several assignments of error in support of its contention that the default judgment granted by the trial court against it should be annulled. LISI asserts that the trial court erred (1) in allowing evidence to be put forth at the confirmation hearing outside the terms of the written purchase agreement; (2) in granting a confirmation of default on the basis of the evidence presented; and (3) in granting a default judgment even though LISI had not been served with any subsequent pleadings in the case.
As to the first assignment of error, LISI asserts that the trial court erred in allowing into evidence at the confirmation hearing testimony outside of the written purchase agreement by which Plaisance sought to establish the existence of an oral agreement among the parties to the effect that he was not to be required to purchase the McCarthy and Capitol Farms, Inc. properties if he could not also obtain the Davis tract. Plaisance introduced this evidence in order to prove that he was entitled to a return of the $5,200.00 held by LISI as *457 payment of its commission under the terms of the written purchase agreement.
LISI points out that under C.C. Article 2276 parol evidence may not be admitted against or beyond what is contained in a written act. Since there is no mention of this alleged oral agreement contained in the written purchase agreement, LISI argues that it was erroneous to admit parol evidence in an effort to establish its existence.
It is a well established exception to the parol evidence rule that, as between the parties to a written instrument, parol evidence is admissible to show that the writing is only a part of an entire oral contract between the parties. Edwards v. State, 244 So.2d 69 (1st La.App.1971); Hyatt v. Hartford Accident and Indemnity Company, 225 So.2d 102 (3rd La. App.1969). The testimony introduced at the hearing on confirmation of default was an attempt to show that the entire agreement between the parties had not been fulfilled in accordance with the alleged oral contract. Thus, the testimony complained of fell within the above noted exception to the parol evidence rule and was admissible.
Concerning LISI's second specification of error, our review of this record convinces us that the evidence was insufficient to allow confirmation of default against LISI under the provisions of C.C. P. Article 1702.
The plaintiff who seeks to obtain a default judgment must make his claim certain and must prove the essential allegations of his petition as fully as if the allegations had been specifically denied. Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162 (1962); Wagenvoord Broadcasting Company v. Blanchard, 255 So.2d 635 (4th La.App.1971). A default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. C.C.P. Article 1702.
The allegations contained in the third party petition against LISI are that LISI was in possession of $5,200.00 deposited by Plaisance; that Plaisance was at no time indebted unto LISI; that the $5,200.00 was not due unto LISI for any commissions or any other purpose; and that the $5,200.00 should be returned to Plaisance.
The written purchase agreement which had been signed by the parties on January 17, 1972 was entered in evidence at the confirmation hearing. According to the terms of this agreement, Plaisance was to purchase the property located on Old Scenic Highway owned by Hall Davis and John McCarthy doing business as Capitol Farms, Inc. All parties reserved the right to demand specific performance. The purchase agreement provides that in the event the purchaser fails to perform under the contract he agrees to pay the real estate broker's commission.
Acting under the provisions of the Truth in Lending Act (15 U.S.C.A. 1635a), Plaisance rescinded the sale and mortgage which had been passed on February 18, 1972. Mr. Plaisance testified that he rescinded the transaction because he had not been able to acquire the Davis tract to go along with the McCarthy and Capitol Farms, Inc. properties. Plaisance also sought to enter proof of an alleged oral agreement among all of the parties to the effect that he would not have to purchase any of the properties unless he could obtain all three parcels of land. It was on the basis of this alleged oral agreement that Plaisance sought to prove that the terms of the entire purchase agreement had not been fulfilled, thereby relieving him of any responsibility under the terms of the written agreement to pay LISI's commission and entitling him to a return of the funds held by LISI. The testimony of Mr. Plaisance concerning this alleged oral agreement is as follows:
"Q When you were dealing with the representative of LISI Realty Company, did he fully understand that you didn't want one piece if you couldn't get all three pieces?

*458 A He did.
Q Was this part of the agreement that you had with him in reference to the purchase of any of this property?
A He knew, as everybody knew, that the whole deal was with the impression that I was to get the house and four acts of land on an equity swap." (Tr. pages 94-95).
Testimony concerning this alleged oral agreement was also obtained from Mr. B. Hall Davis. He stated that all of the parties knew of the planned equity swap between him and Plaisance. However, Davis' testimony as to the alleged oral agreement is as follows:
"Q Did the representative of LISI Realty Company know that all three of these transactions were tied up together and without one of the transactions, neither of the other two transactions would take place? I am speaking here, in reference to your individual property and the corporate property and the McCarthy property.
A I am sure, as far as LISI is concerned, the swapping of our equities didn't enter their proceedings, the keeping of their contract.
Q They did knowmy question is, they did know that there were three pieces of property and that you and Mr. Plaisance were going to buy and sell as the case may be
A They were aware of the fact that we were going to swap equities. Now whether this depended on whether anything depended on this or not, I can't answer.
Q You didn't discuss this with them?
A No.
(Tr. pages 91-92)
Plaisance argues that the entire agreement between the parties contemplated his acquisition of the Davis tract as a condition precedent to his purchase of the McCarthy and Capitol Farms, Inc. tracts. We are unable to find sufficient evidence in this record of this alleged condition.
At best the testimony reviewed above discloses only that the representatives of LISI knew that Davis and Plaisance were to swap equities in order that Plaisance might acquire the Davis tract along with the two pieces of property involved in the February 18, 1972 transaction. Nowhere in the testimony put forth on confirmation of the default is there evidence to the effect that the original purchase agreement would be cancelled or modified if Plaisance failed to acquire the Davis tract. In our view proof of such an agreement would be necessary in order for Plaisance to be relieved of his obligation under the written purchase agreement to pay the real estate broker's commission if he failed to purchase the property. If Plaisance was still obligated under the written purchase agreement to pay the commission, then he has failed to prove by sufficient evidence his right to a return of those funds.
The Agreement to Purchase provides "* * * In the event title is not valid an additional 30 days time will be allowed the vendor to make the title valid and at his expense. * * *" The record discloses that the Davis property was involved in a succession proceeding which would require an additional ten days to conclude before title could be transferred to Plaisance. The testimony is completely silent as to whether this was a circumstance which prevented the transfer of the Davis property. Further, the record does not disclose that Plaisance made demand upon any of the parties hereto for specific performance. To the contrary, the record reflects that during the three day waiting period Mr. Plaisance changed his mind. If it was because of his (Plaisance's) inability to obtain proper financing, this reservation *459 should have been put in and made a part of the purchase agreement.
With respect to Plaisance's argument that the purchase agreement was changed to delete therefrom the Davis property, Mr. Davis testified that this was done with the full consent and knowledge of LISI and Plaisance for the benefit of the latter "to keep down his real estate fees".
Accordingly, for the above reasons, the judgment of the district court in favor of third party plaintiff (Plaisance) and against the third party defendant (LISI) is reversed and set aside and judgment is rendered herein in favor of third party defendant and against the third party plaintiff rejecting third party plaintiff's demands. The cost of this appeal is to be borne by the third party plaintiff. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part and rendered.