308 So.2d 837 (1975)
Bobby LOPEZ and Mary Lopez, Plaintiffs-Appellants,
v.
Maria K. BROUSSARD et al., Defendants-Appellees.
No. 4880.
Court of Appeal of Louisiana, Third Circuit.
February 26, 1975.
*838 Caffery, Duhe & Davis by J. Jouis Gibbens, New Iberia, for plaintiffs-appellants.
Armentor & Wattigny by Minos H. Armentor, New Iberia, James E. Fontenot, Abbeville, for defendants-appellees.
Before HOOD, MILLER and WATSON, JJ.
HOOD, Judge.
Mr. and Mrs. Bobby Lopez have sued to recover $2,000.00 deposited as earnest money on a contract to sell immovable property, plus damages for breach of contract. The defendants are Mrs. Maria K. Broussard, Marcel J. Derouen, Jr., and Derouen Insurance & Real Estate Agency, Inc. Defendants answered denying liability, and *839 Mrs. Broussard reconvened demanding that the deposit of earnest money be returned to her. She also filed a third party action demanding judgment against the other defendants for any amount she may be condemned to pay plaintiffs.
Judgment was rendered by the trial court (1) rejecting plaintiffs' demands, and (2) ordering that the earnest money deposit of $2,000.00 held in escrow by the Derouen Agency be paid to Mrs. Broussard, but rejecting all other third party demands of Mrs. Broussard. Plaintiffs appealed.
Several questions are presented. We feel, however, that the determining issue is whether the contract to sell was subject to a suspensive condition which did not occur, and thus whether that contract over took effect.
In March, 1973, Mr. and Mrs. Lopez listed their house and lot in New Iberia with Derouen Insurance & Real Estate Agency, Inc., granting to that agency the exclusive right to sell the property for $21,300.00. They agreed to pay the agency a commission of six percent of the gross amount of the sale. Defendant Marcel J. Derouen, Jr., a real estate broker, was vice-president of the above agency and he served as agent for that corporation in this transaction.
Early in May, 1973, Derouen contacted defendant, Mrs. Broussard, and showed the house to her. Mrs. Broussard was interested in buying the property, but she owned a mobile home or house trailer, and she felt that it was necessary for her to sell that trailer and to obtain a substantial loan from the Iberian Savings and Loan Association before she could purchase the house and lot from plaintiffs. Warren LeBlanc had agreed to purchase the trailer, provided that he succeeded in obtaining a loan from Iberia Savings and Loan Association, the proceeds of which were to be used to pay the purchase price of the trailer. Mrs. Broussard apparently thought that LeBlanc could get the loan, and she felt confident that the sale of the trailer would be completed.
On May 8, 1973, a written contract was entered into between Mrs. Broussard and Mrs. Bobby Lopez under the terms of which Mrs. Broussard agreed to buy, and Mrs. Lopez agreed to sell, the house and lot for the sum of $20,000.00. Of that purchase price $2,000.00 was to be deposited immediately by Mrs. Broussard as earnest money, and the additional sum of $2,000.00 was to be paid in cash at the time of the sale. The remainder was to be paid as follows: "16.000-I.S.L." The evidence, which was introduced without objection, shows that the quoted provision of the contract meant that the remaining $16,000.00 of the purchase price was to be paid with the proceeds of a loan to be obtained by Mrs. Broussard from the Iberia Savings and Loan Association.
The contract to purchase also contained the following provision:
"I hereby agree to give DEROUEN INSURANCE & REAL ESTATE AGENCY, INC. 5 days to get the owner's signature to the written acceptance of this proposition, appearing below, which, when signed, will constitute a binding agreement between purchaser and seller, and herewith deposit $2000 as earnest money to apply on the purchase price. If the proposition is not accepted or the title is not marketable, and cannot be made marketable this amount to be refunded, otherwise to be retained."
Pursuant to the provisions of that contract, Mrs. Broussard deposited the sum of $2,000.00 with the Derouen Agency as earnest money to apply on the purchase price of the property. The Derouen Agency is still holding the amount of that deposit.
On the day the contract to purchase was executed, May 8, 1973, Mrs. Broussard applied to the Iberia Savings and Loan Association for a loan of $16,000.00, the proceeds of which were to be applied on the purchase price of the property. She was accompanied by Derouen when she went to the offices of the Savings and Loan Association for that purpose, and while there, in *840 the presence of Derouen, Mrs. Broussard explained to Wayne Waguespack, the loan officer of the association, that it was necessary for her to sell her mobile home or house trailer before she could purchase plaintiffs' property.
The property which is the subject of the above contract to purchase belonged to the community of acquets and gains which existed between Mr. and Mrs. Lopez. After the contract had been signed by Mrs. Broussard on May 8, Derouen took the document to the Lopez home to have it completed. Mr. Lopez was working on an offshore oil rig at that time, so Derouen had it signed by Mrs. Lopez. Although Mr. Lopez returned to his home on May 12 he has never signed the agreement.
On May 15, 1973, the Iberia Savings and Loan Association wrote to Mrs. Broussard advising her that her application for a loan for $16,000.00 had been approved, but stating that:
"A requirement of this loan is that the mobile home must be sold outright prior to the loan closing."
Shortly after that letter was received, Warren LeBlanc informed Mrs. Broussard that he would not be able to purchase her house trailer. He stated, and the evidence shows, that he applied for a loan from the Iberia Savings and Loan Association on May 15, and that his application was rejected on May 24, 1973.
Immediately after hearing from LeBlanc, Mrs. Broussard telephoned Derouen, gave him all of the above facts and informed him that since the sale of the trailer had fallen through she could not obtain a loan from the Savings and Loan Association, and that she thus could not purchase plaintiffs' property. Derouen thereupon told Mrs. Broussard that he would immediately refund to her the deposit which she had made on the property. Mrs. Broussard then called Mrs. Lopez and gave her that information, whereupon Mrs. Lopez immediately contacted Derouen and objected to the return of the $2,000.00 deposit to Mrs. Broussard. Derouen then refused to return the amount of the deposit to either party, and he has held it since that time pending a determination of the issues presented in this suit.
Plaintiffs instituted this suit in August, 1973, to recover the amount deposited by Mrs. Broussard and damages. In December, while the suit was pending, plaintiffs sold their home to a third party for $23,000.00, without the necessity of paying a real estate broker's fee. They moved out of the house shortly after the above contract to purchase was executed, however, and they lived in a rent house from that time until the property was sold. They contend that they have suffered damages because of Mrs. Broussard's failure to complete the purchase of the property.
Plaintiffs contend primarily that the contract to purchase was binding on Mrs. Broussard and was not subject to any conditions. They take the position that under LSA-C.C. art. 2463 the defendant must forfeit the deposit since she receded from her promise.
Defendants, on the other hand, contend that the contract to purchase was subject to a suspensive condition, that is, the obtaining of a loan from Iberia Savings and Loan Association. They argue that that condition did not happen, and that the contract thus did not take effect. They rely on LSA-C.C. art. 2021.
The contract involved here did not specifically recite that it was subject to the condition that Mrs. Broussard obtain a loan from the above mentioned Savings and Loan Association. It merely provided that the balance of the purchase price was to be paid as follows: "$16,000-I.S.L." The meaning of that provision is uncertain, however, and the intent of the parties cannot be ascertained from the language used.
When the terms of a written contract are susceptible to more than one interpretation, or where there is uncertainty *841 or ambiguity as to the provisions of the contract, or where the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguities and to show the intentions of the parties. LSA-C.C. art. 2276; Capizzo v. Traders and General Insurance Company, 191 So.2d 183 (La.App. 3 Cir. 1966).
In the instant suit parol evidence was presented to explain the meaning of the terms used and to show the intent of the parties. No objections were made to the introduction of that parol evidence, and we think it properly was admitted and considered by the trial court.
The trial judge found that it was the understanding of all parties that "the sale would be made if Mrs. Broussard could borrow the money from the lending institution." He said:
"In this case, this Court feels that the contract between Mr. and Mrs. Lopez (or Mrs. Lopez) and Mrs. Broussard contemplated that she would finance her property through the Iberia Savings & Loan Association for a $16,000.00 mortgage. The Association did give her a conditional approval but the condition was never fulfilled, although in good faith, Mrs. Broussard had attempted to sell the property to Mr. LeBlanc. When that transaction fell through we do not feel that it was incumbent upon her to go seek a new buyer. Since the Iberia Savings & Loan Association committment fell through, then the agreement between Mrs. Lopez and Mrs. Broussard never fully came into being."
We agree with the conclusions reached by the trial court.
Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happens, it is a suspensive condition. LSA-C.C. art. 2021.
Mrs. Broussard testified that she made it clear to Derouen, who was serving as agent for plaintiffs, to the attorney who prepared the contract and to Mr. Waguespack, the loan officer at the Savings and Loan Association, that her purchase of plaintiffs' property was conditioned on the selling of her mobile home and upon her obtaining a loan from the Association. Mr. Waguespack confirmed the fact that she made those conditions plain in Derouen's presence. Although Derouen did not recall her making specific statements to that effect, he testified that she discussed the selling of her mobile home, that he knew that she was trying to sell it and had a prospective purchaser for it, and that it was clear to him "that the agreement was based on her ability to get the loan." Derouen obviously felt that the agreement to purchase the property had failed to take effect, because he did not hesitate to tell Mrs. Broussard that her deposit would be refunded as soon as he learned that the loan could not be completed. Although plaintiff, Bobby Lopez, maintains that the contract was not conditioned on the sale of the mobile home or the obtaining of a loan, he conceded when questioned about Mrs. Broussard's need to sell the mobile home before she could purchase the property, that:
"Well, she said something about it having to be sold, but I took it for granted that she had it sold already and it was nothing to worry about."
We think the evidence supports the trial judge's conclusion that the contract was subject to a suspensive condition which did not happen, and that the contract thus did not go into effect.
Plaintiffs contend, alternatively, that even though the contract was subject to a suspensive condition, the condition was "potestative" in nature, that the condition thus was void and that it "should not be construed as part of the agreement." They argue that after Mrs. Broussard failed to obtain a loan from the Iberia Savings and Loan Association she did not make a "good faith reasonable effort" to complete her financing, and that "the decision *842 to sell or not to sell the mobile home rested solely with Mrs. Broussard." They rely on Article 2034 of the Civil Code, which reads:
"Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."
We have concluded that the contract involved here was not subject to a potestative condition. In our opinion the contract to purchase entered into by Mrs. Broussard and Mrs. Lopez was subject to a "casual condition," as that term is defined in Article 2023 of the Civil Code. The approval by the Savings and Loan Association of Mrs. Broussard's application for a loan by the Savings and Loan Association depended on chance, and it was not in the power of either the plaintiffs or the defendants to cause that uncertain event to happen.
Although plaintiffs argue that Mrs. Broussard should have been required to make a good faith effort to find a new buyer for the mobile home so that her loan could be completed, we find no error in the conclusion of the trial judge that it was not incumbent on her to do so.
The issues presented here are similar to those which were determined in Boudreaux v. Elite Homes, Inc., 259 So.2d 669 (La. App. 4 Cir. 1972). The court held there that the contract to purchase was subject to a suspensive condition which did not happen, and that the contract thus did not take effect. We think the rule applied there is applicable in the instant suit.
Plaintiffs contend, finally, that the trial judge erred in rejecting their demands for damages against Derouen and the Derouen Agency. They argue that Derouen was remiss in his duties in failing to call to plaintiffs' attention the discussions he had had with Mrs. Broussard and Mr. Waguespack relative to the suspensive condition which applied to the contract to purchase, and that he was negligent in failing to insert those conditions in the contract.
The evidence does not convince us that Derouen misled plaintiffs or misrepresented any facts to them in connection with this transaction. Both of the plaintiffs concede that they knew Mrs. Broussard was trying to sell her house trailer. The contract recited that the major part of the purchase price was to be paid "I.S.L.," which should have given plaintiffs some notice that this large balance was to be paid in a manner other than in cash. And, the evidence indicates that the contract was prepared by an attorney, rather than by Derouen, or at least it was examined by the attorney and was executed by at least one party in the attorney's office.
Considering all of the evidence, we find no error in the judgment of the trial court which rejects plaintiffs' demands for damages against Derouen.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.