CHIASSON, Judge.
David J. Dansky and Jane Calvin Dansky, plaintiffs-appellants appeal the judgment of the trial court which dismissed their suit seeking rescission of the sale of a home and damages arising out of alleged defects in a residence which they purchased from Jimmy C. Thompson and Arlene Carroll Thompson, defendants-appellees.
On May 31, 1977, plaintiffs-appellants purchased a home owned by defendants-ap-pellees for the sum of $95,452.00. The Dan-skys allege the existence of certain hidden vices and defects in the home which were not discoverable by mere inspection and which the Thompsons failed to disclose. Specifically, the Danskys cite as redhibitory defects the presence of rotten French doors in the den area, a rotten ceiling in the cabana or bathhouse, the difficulty in flushing the toilets during periods of rain, the condition of the electrical system, the inadequate drawing capacity of the den fireplace, and the soaking of the carpet in the garden room when it rained. In the alternative, the Danskys seek a reduction of the purchase price.
The Thompsons reconvened against the Danskys for damages allegedly sustained as a result of Mr. Dansky’s inattention, negligence and misrepresentation in the performance of his duties as a real estate agent for the Thompsons and for breach of the purchase agreement.
The trial court, in dismissing the Dan-skys’ suit found that, with the exceptions of the problem of water in the den area and the difficulty of flushing the toilets in wet weather, all of the alleged defects were easily discoverable by simple inspection and, therefore, the Danskys had not carried their burden of proving redhibitory vices or defects.
On appeal, the Danskys urge that the trial court erred: In holding that all of the alleged defects were easily discoverable by a simple inspection; in finding that the Thompsons did not know of the den flooding and of the rotten French doors; and in finding that poor maintenance caused a leak in the den.
The Thompsons answered the appeal and request this Court to reverse the judgment of the trial court denying their reconven-tional demand.
Louisiana Civil Code Articles 2520 and 2521 provide:
“Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. *398 “Art. 2521. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Jurisprudence has held purchasers to the “average prudent man” standard when evaluating reasonable methods of inspection for apparent defects in redhibition cases. Fraser v. Ameling, 277 So.2d 633 (La.1973); Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963); and their progeny.
We agree with the trial court’s finding that the alleged defects were easily discoverable by an average prudent man’s inspection.
As the trial court pointed out, the problem with the den fireplace was specifically called to the attention of the Danskys by the Thompsons and the problem with the toilets flushing when it rains is common to all of the surrounding neighborhood and its source is the City-Parish sewer and drainage system and not with the house in question. Therefore, such items cannot be classified as redhibitory defects.
Scant evidence was presented with regard to the condition of the electrical system. The only evidence introduced was to the effect that the electrical panel was hanging off of the outside wall and that it could have been seen by simply walking around the house.
The same is true of the cabana or bathhouse. Betty Thomas, a realtor with C. J. Brown, testified that the cabana was not listed in the market analysis since it was obviously an unfinished project and Mr. Dansky testified that he did not even go inside to inspect it. Such an obviously unfinished project, not inspected by a prospective purchaser, cannot be considered a red-hibitory defect forming the basis for a rescission of the sale.
With regard to the water problem in the garden room, it was the opinion of the trial court that the soaking of the carpet was not being caused by water being forced up through the foundation as contended by the Danskys, but rather that the source of the water is the failure to properly maintain the flat roof. Basing its opinion particularly on the testimony of Mr. B. Lane Grisby, an expert in the field of civil engineering, the Court concluded that the water is leaking from the flat roof into the attic and finding a path into the house down the interior wall. Additionally, the Court further opined that this leakage is being caused by water which is being allowed to pool on the roof because of poor maintenance. “Therefore, such leakage is not a redhibitory defect as the existence of the flat roof was certainly discoverable by the simplest of inspections and the problem has been created in large part by the lack of proper maintenance after the sale to the plaintiffs.”
From the evidence before us, such factual conclusions by the trial court are amply supported by the record and we cannot say that any of the conclusions are manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We also agree with the trial court’s finding that the Thompsons failed to carry their burden of proving that they are entitled to recover any damages from the Dan-skys for any breach of the purchase agreement or for improper performance of services as a real estate agent, and therefore, the trial court properly dismissed the Thompsons’ reconventional demand.
For these reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.