425 So.2d 393 (1982)
Sam V. FERACE, Jr., et ux., Plaintiffs-Appellees,
v.
Bruce Evans FULLERTON, et al., Defendants-Appellants.
No. 82414.
Court of Appeal of Louisiana, Third Circuit.
December 28, 1982.
*394 Robert Levy, Alexandria, for defendantappellant.
Eugene P. Cicardo, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
FORET, Judge.
Sam V. Ferace, Jr. and his wife, Camille Jean Gremillion Ferace, brought suit against Bruce Evans Fullerton and Un Hve Fullerton for specific performance of a written contract to buy and sell immovable property situated in Rapides Parish, Louisiana. They further seek damages against the defendants for their alleged failure to take title to the property at the date and time specified by the contract.
Plaintiffs allege that the closing was to be accomplished on or before September 1, 1980, and that they were in fact ready, willing, and able to convey title to the property to the defendants, but that defendants evertheless failed to meet with plaintiffs on the appointed date to consummate the transaction.
Defendants allege that plaintiffs attempted to vary the terms of the contract prior to the closing and defendants have specifically pleaded the affirmative defenses of error, mistake, estoppel, and failure of the plaintiffs to minimize damages.
Trial was held on September 29, 1981, and judgment was rendered in favor of plaintiffs ordering defendants to take title to the property for the sum of Sixty-Seven Thousand, Five Hundred and No/100 ($67,500) Dollars, maintaining a vendor's lien on the property in favor of plaintiffs and further awarding plaintiffs damages "for interest at the rate of ten percent (10%) per annum from September 1, 1980, until paid, on the sum of FIFTY-FOUR THOUSAND NINE HUNDRED EIGHTY-SEVEN AND 78/100 DOLLARS ($54,987.78)".
From this adverse judgment, defendants have appealed.
Although counsel for defendants has enumerated several issues for resolution on appeal, we find it unnecessary in this case to discuss any of them at the present time with the exception of the following:
Did the trial judge commit reversible error by refusing to admit parol evidence offered by defendants to prove their defenses of error or mistake?

ADMISSIBILITY OF PAROL EVIDENCE
Defendants, in their original answer and answer to supplemental and amended petition, urged the affirmative defenses of error and mistake in that plaintiffs made material misrepresentations to them concerning the closing of this sale of immovable property. In an attempt to prove these defenses to plaintiffs' action, defendants, at trial, attempted to introduce parol evidence, which evidence was excluded by the trial court.
*395 At the heart of each of these defenses is consent. A contract lacking consent is invalid. Where consent has been produced by error, that consent may be vitiated and the contract invalidated. LSA-C.C. Articles 1819 and 1820. Elaborating on 1819 and 1820, Articles 1821 and 1826 provide as follows:
"Art. 1821. Error of fact
Art. 1821. That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none."
"Art. 1826. Knowledge of motive by other party
Art. 1826. No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it."
The jurisprudence is well established that under these code articles, "A contract may be invalidated for unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause, ...". Savoie v. Bills, 317 So.2d 249 (La.App. 3 Cir.1975), writ dismissed on joint motion (La.1975); Nugent v. Stanley, 336 So.2d 1058 (La.App. 3 Cir. 1976); Sylvester v. Town of Ville Platte, 218 La. 419, 49 So.2d 746 (1950).
While it is true that parol evidence is generally inadmissible to vary or alter the terms of a written agreement, it is admissible for the purposes of establishing that an agreement is subject to annulment because of a lack of consent due to misrepresentation and error. Sylvester v. Town of Ville Platte, supra; Overby v. Beach, 220 La. 77, 55 So.2d 873 (1951); American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970).
Parol evidence concerning representations which the proposed seller made to the proposed buyer is admissible for the purposes of establishing that the contract to sell is subject to annulment because of lack of consent due to misrepresentation. LSA-C.C. Articles 2236, 2276; Nugent v. Stanley, supra; Ortego v. Lebert, 406 So.2d 253 (La. App. 3 Cir.1981).
Defendants further contend that the writing was only part of an entire oral contract and that parol evidence should have been admitted to ascertain the nature of that oral contract. Along with the other exceptions heretofore discussed, it is a wellestablished exception to the parol evidence rule that, as between the parties to a written instrument, parol evidence is admissible to show that the writing is only part of an entire oral contract. Hyatt v. Hartford Accident and Indemnity Company, 225 So.2d 102 (La.App. 3 Cir.1969); McCarthy v. Plaisance, 286 So.2d 454 (La.App. 1 Cir. 1973), writ refused, 289 So.2d 156 (La.1974).
Additionally, defendants urge that the sale was to be consummated via an act of sale with assumption of mortgage and that the amount outstanding to be assumed had been agreed to by the parties. They further state that subsequent to the execution of the contract to buy and sell, plaintiffs withdrew certain monies from an escrow account with the mortgage holder which would have caused the amount to be assumed to be substantially higher than the amount agreed upon. There can be little doubt that defendants' principal cause for entering into the contract in question was to secure the property listed for the therein stated price. Any alleged alteration of the purchase price would bear upon defendants' principal cause for entering into the contract, and, as such, parol evidence would be admissible to prove that fact and possibly a resultant failure of consent.
The agreement itself lends little help to the problem since it nowhere speaks of a sale with assumption of mortgage and, in fact, recites that the consideration for the sale is to be SIXTY-EIGHT THOUSAND AND NO/100 ($68,000) DOLLARS, with FIVE HUNDRED ($500) DOLLARS due at the time of entering into the contract to buy and sell and the balance to be "paid in full" at the closing.
*396 Parol evidence is admissible to show intent when the contract is ambiguous and to show motive for execution of the contract. Lafleur v. Travelers Insurance Co., 236 So.2d 251 (La.App. 3 Cir.1970); Lopez v. Broussard, 308 So.2d 837 (La.App. 3 Cir. 1975). Considering the defendants' allegations of error, mistake, and misrepresentation, and in light of the sparse record now before us, this Court is not at all certain as to just exactly what was the agreement entered into by these parties. Parol evidence should have been admitted to allow defendants to show (if they can) that the sale was to be a sale with assumption as opposed to some other mode of conveying the property and to prove the true intent, motive and agreement between the parties. The trial judge, therefore, in failing to allow defendants to present parol evidence to prove their allegations, fell into reversible error.
For the foregoing reasons, the judgment appealed from is set aside and the case is remanded to the trial court for further proceedings consistent with the view herein expressed.
Costs of this appeal are assessed against plaintiffs-appellees; costs in the trial court shall await final disposition of this matter.
REVERSED AND REMANDED.