THOMAS C. WICKER, Jr., Judge Pro Tem.
This case arises from a suit in quanti minoris brought by the plaintiffs/purchasers, Edward L. Guillory and Linda Richard Guillory, against the defendants/sellers, Raeburn Ardoin and Verneta Tate Ardoin, seeking a reduction in the purchase price of a skating rink. Alternatively, the Guillorys claim damages based upon an alleged agreement between themselves and Mr. Ar-doin to pay for the cost of labor incurred in replacing the rink floor. The ultimate questions are whether the purchasers had notice of the seriousness of a splintering problem and whether an agreement existed between the parties regarding the payment of labor by the seller. The purchasers now appeal the judgment rendered by the trial court rejecting their demands. We affirm.
In 1981 Mr. Ardoin built a skating rink in Lake Charles, Louisiana. Thereafter, he rented the facility known as Skate City to the Guillorys around October 1981 and the rink opened for business in November 1981. The Guillorys continued to lease the property until September 30, 1982 when they purchased it from the Ardoins. Throughout the lease period as well as after the act of sale, the purchasers noticed splinters in the floor. Finally, after repeated attempts at repair the Guillorys replaced the floor.
Appellants assert the following specifications of error:
1. That the trial court was in error when it determined that the petitioners had knowledge of an apparent defect pri- or to purchase; and
2. That the trial judge failed to find the defendants contractually liable for the labor cost incurred in the replacement of the rink floor.
An action in quanti minoris, the reduction of the purchase price, is governed by the same requirements as a suit for redhi-bition. L.S.A.-C.C. Art. 2544. Therefore, our standard of review is dictated by L.S. A.-C.C. Art. 2520 et seq. Moreover, the seller is obligated to warrant against hidden defects or redhibitory vices in the thing purchased. L.S.A.-C.C. Art. 2475 and 2476. A redhibitory defect is one which renders a thing absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice.” L.S.A.-C.C. Art. 2520.
Our Louisiana Supreme Court has explained the burden of proof as follows:
[i]n a redhibitory action, the plaintiff need only prove that the product contained a hidden vice at the time of the sale, not apparent by ordinary inspection, which subsequently renders the thing unfit for the use intended or that its use became so inconvenient or imperfect that it must be supposed that the purchaser would never have purchased the product had he known of the vice or defect ... [Citations omitted; emphasis supplied] Moreno’s, Inc. v. Lake Charles Catholic High Schools, Inc., et al, 315 So.2d 660, 662 (La.1975). See also, Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3rd Cir.1981).
The appellants admit that they did have knowledge of a splintering problem prior to the act of sale. However, they contend that they did not have full knowledge that the splintering problem was the type which would render the floor unfit for its intended use as a skating floor. Thus, they assert that they had no knowledge of a latent defect. Furthermore, they claim that they were not made aware of the seriousness of *396 the problem and the need to have the entire floor replaced until after the act of sale in February 1983 when they were informed by Mr. Tom Heist of the need to replace the floor.
The ultimate question is whether the serious nature of the splintering problem was discoverable by simple inspection as provided for by L.S.A.-C.C. Art. 2521 which states that apparent defects, such as the buyer might have discovered by simple inspection, are not among those considered redhibitory vices. As pointed out in Pursell v. Kelly, 244 La. 323, 152 So.2d 36, 41 (La.1983), the type of inspection required by L.S.A.-C.C. Art. 2521 is “more than mere casual observation ... the proper test ... is whether a reasonably prudent buyer acting under similar circumstances, would have discovered the [vice] in the premises ...” The “average prudent man” standard is therefore the test for determining reasonableness. See, e.g. Dansky v. Thompson, 415 So.2d 396, 398 (La.App. 1st Cir.1982) and Bain v. Anderson, 427 So.2d 60 (La.App. 4th Cir.1983).
In his reasons for judgment, the trial judge found that the Guillorys “had the actual use and management [of the skating rink] for a year prior to their purchase of it.” He also indicated that the splintering problem was a defect which was “very much apparent” and that it “was not and could not be concealed.” In addition, he concluded that the condition worsened over time and that the Guillorys knew of the defect prior to the act of sale.
The record supports the trial judge’s conclusions. Mr. Ardoin testified that he observed splinters and boards chipping from the time he took possession and control of the facility.. He further stated that in early 1982 someone fell and was injured by a 4½-inch splinter. The injury occurred during the lease period and prior to the act of sale. In addition, Mr. Tom Heist, an expert in the maintenance of floors as well as in the suitability of floors for skating, testified that he observed splinters in October 1981 when he went to refinish the surface. He described the splinters as being 3-inch splits in the wood and occurring at a higher rate than normal. He further testified that he attempted to repair the floor on three occasions prior to the act of sale, namely, October 1981 and February and July of 1982. He ultimately replaced the floor in June 1983.
The Guillorys had an ample opportunity to observe the rink’s condition and operation for approximately one year prior to its sale. Furthermore, they had knowledge of an injury to a customer. In addition, they were aware that the repairs did not eliminate the problem. Thus, from the evidence before us, the factual conclusions by the trial court are amply supported by the record and we cannot say that the trial judge’s determination that the defect was apparent to the buyers and easily discoverable prior to the act of sale is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellants also claim that Mr. Ar-doin agreed to pay for the labor costs incurred in replacing the floor. Both Mr. Guillory and Mr. Ardoin testified that Mr. Ardoin would pay for the labor if Port Barre Lumber Company, the company which had previously supplied the wood for the rink, would furnish the wood. The testimony and the receipts, however, reflect that the wood was furnished by Tomlin-Webber Lumber Company and Robbins, Inc. Thus, it is clear from the testimony and the receipts that Port Barre Lumber Company would not pay for the wood.
The contract between Mr. Guillory and Mr. Ardoin was conditioned on the provision that Port Barre Lumber Company furnish the lumber. Such a contract represents an obligation which is a suspensive condition. L.S.A.-C.C. Art. 2021 (pre-1985) which was in effect at the time of the agreement provided that:
“conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen; it is a suspensive condition...” [Emphasis supplied]
*397 Since there is no evidence that Port Barre Lumber Company paid for the wood, the condition required for the contract to be effective was unfulfilled. Lopez v. Broussard, 308 So.2d 837 (La.App. 3rd Cir.1975).
The trial judge dismissed all of the Guil-lorys’ claims, including the contract claim. Although the court gave no reasons for the denial of that particular claim we find that the evidence and the testimony are sufficient to show that the contract did not go into effect. We therefore find no fault with the trial court’s conclusion that all of the appellants’ claims should be dismissed.
Accordingly, for the reasons set forth, the judgment dismissing appellants’ claims is hereby affirmed. Appellants are to pay costs.
AFFIRMED.