**FEDERAL TRADE COMMISSION, Plaintiff,**

v.

**Dudley M. HUGHES, Jr., d/b/a Dudley M. Hughes Funeral Co., Defendant.**

**Civ. A. No. CA 3–87–1546–G.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 12, 1989.

See also 710 F.Supp. 1524.

Maridel S. Morgan, F.T.C., Dallas, Tex., for plaintiff.

Barbara St. Clair, Marshal W. Dooley and Richard G. Mills, Dooley, Rucker, Maris & Foxman, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

### Introduction

This case is before the court on the motion of defendant Dudley M. Hughes, Jr. ("Hughes") to strike the affidavit, unsworn

statements, depositions, and exhibits contained in the appendices to the motion for summary judgment of plaintiff Federal Trade Commission ("FTC").[1] The motion to strike is DENIED in its entirety, except that the court will disregard certain conclusions of law in Curtistene McCowan's affidavit.

### Appendix C

Hughes first contends in a general and conclusory manner that the 30 unsworn customer statements in Appendix C have not been authenticated and violate the hearsay rule. This is incorrect. The statements comply with 28 U.S.C. § 1746, as each declaration was made under penalty of perjury. Hence, they have the same force and effect as affidavits. 28 U.S.C. § 1746. They also comport with the Federal Rules of Evidence and of Civil Procedure. Each affidavit shows affirmatively that the declarant is competent to testify to the matters therein, F.R.Civ.P. 56(e), and sets forth facts demonstrating personal knowledge. F.R.Evid. 602. Each contains detailed, specific statements based on personal knowledge and experience.[2] Consequently, the declarations are not hearsay. In addition, the statements within the declarations attributed to the defendant or his employees are also admissions by a party-opponent and hence are not hearsay. F.R. Evid. 801(d)(2).

Moreover, under F.R.Evid. 901(a), authentication is satisfied by evidence supporting "a finding that the matter in question is what its proponent claims." Here, each statement is authenticated by the signature of the witness under penalty of perjury. 28 U.S.C. § 1746. There is no indication that the statements are anything other than what they purport to be.

### Appendix D

Hughes contends conclusorily that the 21 sample contracts, statements, and price lists in this appendix have not been authenticated and violate the hearsay rule.

Several factors establish their authenticity. First, the documents were submitted by Hughes in response to plaintiff's discovery requests. Second, he identified several in his deposition testimony. Hughes Deposition, Apr. 8, 1988, at 23–24 (identifying Appendix D, No. 11) and at 46 (identifying Appendix D, No. 18). Third, the defendant provided his customer files for photocopying at his funeral home. McCowan affidavit ¶¶ 4–6.[3] The fact that documents were found in defendant's possession is enough to authenticate them. *United States v. Black,* 767 F.2d 1334, 1342 (9th Cir.) (authenticating documents in defendant's possession), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985); *Burgess v. Premier Corporation,* 727 F.2d 826, 835–36 (9th Cir.1984) (authenticating documents in defendant's warehouse); *In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238, 286 (3d Cir.1983) (authenticating diary identified in discovery and found on defendant's premises), *rev'd on other grounds,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Fourth, all of the documents bear the defendant's company logo and pre-printed address, which are also indicative of authenticity. *In re Japanese Electronic Products Antitrust Litigation,* above, 723 F.2d at 293 (firm logo helps establish authenticity of memoranda); *New Orleans Saints v. Griesedieck,* 612 F.Supp. 59, 62 (E.D.La. 1985) (use of letterhead form demonstrates that form was made in course of regularly

---

1. The underlying case involves the FTC's allegations that the practices of Hughes' funeral homes violated the FTC's Funeral Rule, 16 C.F.R. § 453. The FTC seeks an injunction and monetary civil penalties.

2. Representative statements include: "Mr. Cox did not give me a price list of any kind," Declaration of Javier Correa, Appendix to Plaintiff's Motion for Summary Judgment, Exhibit C–2; "The man did not tell me that price information was available over the telephone," Declaration

of Betty Drake, *id.* Exhibit C–4; and "I made arrangements for the Vinson funeral in November, 1984, and received an itemized statement in April, 1985." Declaration of Ernestine Sage, *id.* Exhibit C–27.

3. This statement in McCowan's affidavit is not related to the statements defendant objects to. Hence, even if those statements are stricken, the court may properly consider this statement.

conducted business activity, thus authenticating it), *aff'd*, 790 F.2d 1249 (5th Cir. 1986); F.R.Evid. 901(b)(4) (characteristics and contents of document, taken in conjunction with circumstances, will authenticate it).

■ Moreover, the records are not excluded under the hearsay rule because they are business records made as a routine practice at or near the time of events by a person with knowledge and which were kept in the course of a regularly conducted funeral business. F.R.Evid. 803(6). The FTC need not present live witness testimony to demonstrate that a document is a business record; documentary evidence, affidavits, party admissions, and other materials will suffice. *In re Japanese Electronic Products Litigation*, above, 723 F.2d at 288. Here, Hughes produced the documents in response to interrogatories; he identified several price lists and final statement forms in his depositions; and the McCowan affidavit identifies the records as having come from Hughes' customer files.

### Appendix E

This appendix consists of depositions by non-party witnesses and by the defendant. They comply with F.R.Civ.P. 30(e) and (f) and Local Rule 6.1(b). All but the June 12, 1985 Hughes statement were properly certified by the officer and filed with the court. F.R.Civ.P. 30(f). The Cox, DeBord, Spears, and April 8, 1988 Hughes depositions were signed by the deponents. F.R. Civ.P. 30(e). The July 5, 1988 Hughes deposition was signed by the officer, pursuant to F.R.Civ.P. 30(e).

■ The June 12, 1985 Hughes statement was part of a non-public FTC investigatory hearing. The testimony, taken under oath in the presence of defendant's counsel, was provided pursuant to 16 C.F.R. § 2.8 and 2.10 (1988). While Hughes did not sign the statement, his testimony was voluntary and under oath in the presence of counsel. His counsel was given a copy of the statement. Nevertheless, he has not objected to the statement in the three years since he gave it. As a result, under F.R. Civ.P. 32(d)(4), he has waived any irregular-

ities in the statement. Moreover, the statement, a party admission, is not hearsay. F.R.Evid. 801(d)(2).

### Appendix F

■ Hughes seeks to strike his letter of October 30, 1984 to the FTC, his financial statement of May 31, 1987, and the "Income Tax Return 1040 Recap of Dudley M. and Trena K. Hughes from 1986." Both the financial statement and letter are on defendant's letterhead. Moreover, the signature on the letter is identical to the defendant's signature on the affidavit accompanying his summary judgment response. The 1040 Recap is a pre-printed form bearing the letterhead of Cunningham Northington Boynton. Hughes submitted a similar pre-printed Cunningham form with his summary judgment affidavit. All three documents were produced by defendant in response to plaintiff's discovery requests. These factors demonstrate their authenticity. F.R.Evid. 901(b)(4) (appearance and contents of documents, taken with the circumstances, establish authenticity).

■ Likewise, the documents are not barred by the hearsay rule. The letter is a party admission. F.R.Evid. 801(d)(2)(A). Both the financial statement and 1040 recap manifest Hughes' adoption of their truth. F.R.Evid. 801(d)(2)(B). The financial statement is on defendant's letterhead, and was produced by him in response to an interrogatory. The 1040 Recap was provided by the defendant. It is a pre-printed form similar to the Cunningham form attached by defendant to his summary judgment affidavit.

### Appendix G

■ This appendix contains Curtistene McCowan's affidavit and exhibits attached to it. The affidavit and attached exhibits were prepared pursuant to F.R.Evid. 1006, which permits summaries of voluminous documents for which in-court examination would be inconvenient. *United States v. Stephens*, 779 F.2d 232, 239 (5th Cir.1985). Here, there are over 23,000 pages of documents. The underlying documents—cus-

tomer interview reports, data compilation sheets, and customer files—were made available to Hughes for examination well before the motion for summary judgment was filed. Hence, the requirements of F.R. Evid. 1006 were complied with. Hughes does not challenge the summaries as inaccurate.

The affidavit first outlines McCowan's close supervision of the photocopying and review of Hughes' files and of the compilation of the attached violation lists. Although McCowan did not personally read each item, F.R.Evid. 1006 contains no requirement of personal knowledge of each piece of evidence summarized for the court's convenience. *See Moore v. Johns–Manville Sales Corporation*, 781 F.2d 1061, 1066 (5th Cir.1986).[4] Consequently, the affidavit will not be stricken on these grounds.

Hughes also argues that McCowan's affidavit contains conclusions of law. Each sub-paragraph of ¶ 17 of the affidavit begins: "There are [number] of violations of 16 C.F.R. § 453.[x]," followed by a factual description of the alleged violation.

The portion of each subparagraph that states "violations of 16 C.F.R. § 453.[x]" is a conclusion of law. Therefore, this court will disregard them. However, the factual description of each alleged violation and the number of times they occurred are admissible factual evidence. The underlying compilations themselves, which are attached to the affidavit, are factual summaries, and hence, admissible.

### Conclusion

1. The 30 consumer statements in Appendix C are authenticated and not barred by the hearsay rule.

2. The 21 sample contracts, statements, and price lists in Appendix D are authenticated and not barred by the hearsay rule.

3. The three items in Appendix F are authenticated and not barred by the hearsay rule.

---

4. Hughes also objects that no expertise has been demonstrated on the part of McCowan. She is not testifying as an expert when she summarizes

4. The depositions in Appendix E comply with F.R.Civ.P. 30(e) and (f) and Local Rule 6.1(b), and are not barred by the hearsay rule.

5. The legal conclusions in the McCowan affidavit (Appendix G) will be disregarded by the court. All other portions of the affidavit and the exhibits attached to it are admissible evidence.

SO ORDERED.

the facts fund in the underlying exhibits, and, thus, no such demonstration is needed.