Plaintiffs Cecil Eugene Pruitt and Betty Pruitt appeal from a summary judgment granted in favor of defendants Sarah and Hoyt Elliott in this action to recover damages for personal injuries. We affirm.
The deposition testimony of Cecil Pruitt, Sarah Elliott, and Hoyt Elliott showed that, on June 18, 1981, plaintiff Cecil Pruitt fell approximately twenty feet from an aluminum extension ladder while trimming limbs from a tree at the home of the defendants, Sarah and Hoyt Elliott. The Elliotts had hired Pruitt on several occasions in the past to do seasonal yard work for them, usually in the afternoons after he got off work or on weekends. It was customary for Pruitt to do whatever work was needed on a particular occasion. For the days that they worked, Pruitt and his two sons, who at times assisted him, were paid on an hourly basis. Pruitt provided some of his own tools, and he also had full access to the storage shed where the Elliotts stored their yard tools. There was no scheduled time for Pruitt to work. He either came by the Elliotts' home, called requesting yard work, or was called by the Elliotts. Mrs. Elliott would show Pruitt which jobs she needed done on a particular day, but would not give him any instructions about the manner in which he was to go about doing those jobs. Mrs. Elliott would, however, check periodically to make certain that Pruitt was doing the job that he was instructed to do.
On the date of his injury, Pruitt was instructed by Mrs. Elliott to trim the lower limbs from approximately six trees in the Elliotts' yard. To reach these limbs, it was necessary to have a ladder, which was borrowed from a neighbor of the Elliotts through an arrangement between Mrs. Elliott and her neighbor. Pruitt had used the ladder on occasions in the past. One of Pruitt's sons positioned the ladder against one of the trees to be trimmed. The contour of the ground immediately beneath the tree was "sloped," and there was no grass growing there. Fallen leaves and pine straw covered bare soil in the area where the ladder was standing, and there were also some holes in the yard, brush lying in spots on the ground, and some rocks lying along the edge of the yard an undetermined distance from where the injury occurred. The weather was clear on the date of the injury.
Pruitt, while on the ladder and in the process of cutting the limbs with his power saw, lost his balance and fell to the ground, injuring his foot and ankle.
On June 17, 1982, the Pruitts filed a three-count complaint, naming the Elliotts as defendants, alleging that the Elliotts negligently and wantonly caused or allowed Pruitt to fall from the ladder and negligently and/or wantonly caused or allowed an unsafe condition to exist on the premises where Pruitt was working. The third count stated a cause of action for loss of consortium on behalf of Mrs. Pruitt. The Elliotts filed a motion for summary judgment based upon the complaint, their answer, and the deposition of Pruitt. In opposition to the Elliotts' motion for summary judgment, the Pruitts submitted Mr. Pruitt's deposition and the deposition of Sarah Elliott. The trial court granted the Elliotts' motion for summary judgment, and the Pruitts appealed. The Pruitts insist that an issue of fact exists concerning the status Pruitt held while on the Elliotts' property and the corresponding duty owed to him arising from that status. They contend that Pruitt was the employee of the Elliotts and that as such, the Elliotts were under a duty to provide a safe place for him to work. This duty, it is argued, was breached by the Elliotts because they provided Pruitt with a defective ladder. The Pruitts allege that the ladder had "bent steps," a bent or missing "grip" on the foot of the ladder, and a bent "hook" located at the point of extension of the ladder which was pulled away from the frame. They further contend that the premises were unsafe because of the presence of holes, *Page 1277 
rocks, and brush in and around the area where the injury occurred.
The Elliotts contend that the undisputed facts establish that Pruitt's status while working on their property was that of an independent contractor and not that of an employee. They also argue that there is no evidence that the condition of the ladder or any other factor played any part in causing Mr. Pruitt to fall. Thus, defendants say, Pruitt's status while on their property is not material; that is, they say, there is no genuine issue of fact as to the proximate cause of Pruitt's fall.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips,404 So.2d 614 (Ala. 1981).
Applying the law to the undisputed facts in this case, it is clear there is no genuine issue concerning the cause of Pruitt's fall; thus his status while on the Elliotts' property is not material. Pruitt's undisputed testimony on deposition is as follows:
 "Q. Were you actually in the process of cutting [the limb]?
 "A. Well, sir, I was cutting the limb and I cut the limb and it come back at me, it swung.
 "Q. When the limb was cut, you said it popped back and hit you?
"A. Yes, sir.
"Q. Did the limb itself knock you off the ladder?
 "A. Well, yes, sir. I dodged the limb, it was pretty good size limb to keep it from hitting me in the face, when I did, I sort of lost my balance and I fell."
There were no eyewitnesses to the fall; therefore, Pruitt is in the best position to know what caused it. It is undisputed that the ladder remained standing against the tree following the fall, thus confirming Pruitt's testimony that he lost his balance while dodging the limb and not as a result of any defect on the ladder itself. There is also no evidence that the rocks, holes, brush, contour of the ground, or any other factor played any part in causing Pruitt to fall.
Pruitt has failed to prove an essential element of each cause of action stated in the complaint, that is, proximate cause. There was, therefore, no error in granting summary judgment in the Elliotts' favor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.