HOLMES, Judge.
This is a case arising under statutes pertaining to the State Health Planning and Development Agency (SHPDA).
Plaintiff filed suit pursuant to Ala.Code (1975), § 22-21-276(a), to enjoin defendant from offering to the public general psychiatric services allegedly in violation of SHPDA statutes. The trial court entered summary judgment for defendant. Plaintiff appeals. We reverse and remand.
Sometime in 1984 defendant, Doctors Hospital of Mobile, Inc., “consolidated” approximately fourteen of its hospital beds into an identifiable unit within its hospital facility for the purpose of offering general psychiatric services to the public. Defendant did not obtain a certificate of need (CON) from SHPDA with regard to the consolidation. Plaintiff then filed the present suit, claiming that defendant’s offering general psychiatric services to the public in its newly consolidated psychiatric unit violates SHPDA law which requires a hospital to obtain a CON from SHPDA before offering new services.
Ala.Code (1975), § 22-21-265(a), requires a hospital to obtain a CON before it offers a “new institutional health service.” The latter term is defined by Ala.Code (1975), § 22-21-263, which provides:
*592 “(a) All new institutional health services which are subject to this article and which are proposed to be offered or developed within the state shall be subject to review under this article. For the purposes of this article, ‘new institutional health services’ shall include:
“(1) The construction, development, acquisition through lease or purchase or other establishment of a new health care facility or health maintenance organization; or
“(2) Any expenditure by or on behalf of a health care facility or health maintenance organization which, under generally accepted accounting principles consistently applied, is a capital expenditure in excess of $200,000.00 (indexed) for major medical equipment; in excess of $200,000.00 (indexed) for new annual operating costs; in excess of $600,000.00 (indexed) for any other capital expenditure by or on behalf of a health care facility or a health maintenance organization; or
“(3) A change in the existing bed capacity of a health care facility or health maintenance organization through the addition, or conversion of one or more beds, or the relocation of one or more beds from one physical facility to another; or
“(4) Health services which are offered in or through a health care facility or health maintenance organization, and which were not offered on a regular basis in or through such health care facility or health maintenance organization within the 12 month period prior to the time such services would be offered.
“(b) The four conditions of ‘new institutional health services’ listed in this section shall be mutually exclusive.”
Plaintiff argues on appeal that the trial court erred in granting summary judgment to defendant because there were genuine questions of fact with regard to defendant’s consolidation of beds and its offering of general psychiatric care. Specifically, plaintiff argues that genuine questions of fact exist as to whether the psychiatric services fell within the terms of subdivisions (2) and (4) of § 22-21-263(a).
Summary judgment is proper only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Pruitt v. Elliott, 460 So.2d 1275 (Ala.1984); White v. Law, 454 So.2d 515 (Ala.1984); General Investment Corp. v. Texas Refinery Corp., 451 So.2d 1373 (Ala.1984). The burden is upon the party moving for summary judgment to negate the existence of any issue of material fact and to establish his entitlement to summary judgment. General Investment Corp., 451 So.2d at 1378; Warrior Drilling and Engineering Co., Inc. v. King, 446 So.2d 31 (Ala.1984). Moreover, all doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Pruitt, 460 So.2d at 1277.
Reviewing the case under these well-established rules, we must reverse. Based upon the record before this court, we cannot agree that defendant negated material questions of fact as to whether its offering of general psychiatric services in its consolidated psychiatric unit is a “new institutional health service” under Ala.Code (1975), § 22-21-263(a)(2).
Defendant’s motion for summary judgment was originally filed as a motion to dismiss, which was subsequently converted into a summary judgment motion. In support of said motion, defendant filed several affidavits, including those of psychiatrists on its staff. These affidavits were primarily to the effect that defendant had offered general psychiatric services to the public for several years on a regular basis.
The evidence was obviously introduced by defendant to negate any question of fact arising under subdivision (4) of § 22-21-263(a) — by showing that defendant had offered general psychiatric services on a regular basis during the twelve months preceding the consolidation. Such evidence does not, however, negate certain factual questions arising under subdivision (2) of § 22-21-263(a).
*593 Plaintiff asserts that there are genuine issues of fact under subdivision (2) of § 22-21-263(a) pertaining to defendant’s “new annual operating costs” as a result of the consolidation. We agree. After thoroughly searching the record, we can only conclude that defendant offered no evidence, by way of affidavit or otherwise, to negate questions of fact with regard to its new annual operating costs.
Defendant protests that it should not have to defend against plaintiff’s assertions that a question of fact exists with regard to defendant’s new annual operating costs because defendant made such assertions for the first time in its brief in opposition to the summary judgment motion. Defendant further argues that plaintiff’s assertions as to defendant’s annual operating costs are merely accusations which are not supported by evidence.
While this court sympathizes with defendant, the burden was nevertheless upon it, as the moving party, to establish its entitlement to summary judgment by negating all issues of fact in the case. General Investment Corp., 451 So.2d at 1378; Warrior Drilling, 446 So.2d at 32.
In its complaint, plaintiff did not narrow its claim to one involving only the conditions described in subdivision (4) of § 22-21-263(a). Rather, plaintiff alleged simply that defendant was offering a new service which required a CON. A new institutional health service which requires a CON may exist under the conditions described in any or all of the four subdivisions of § 22-21-263(a). See Ala.Code (1975), § 22-21-263(b). Plaintiff’s complaint was thus broad enough to raise factual questions under all subdivisions of § 22-21-263(a), and it was defendant’s burden on motion for summary judgment to negate all genuine issues of fact which might exist as to any of the subdivisions.
Moreover, plaintiff did apprise defendant that it considered factual questions to exist under § 22-21-263(a)(2) by way of its brief in opposition to the summary judgment motion. While that brief has no effect as either a pleading or evidence, it should have put defendant on notice that it had failed to introduce evidence to establish what its new annual operating costs were.
Furthermore, there is evidence arising from defendant’s answers to interrogatories which indicates that defendant hired at least twelve individuals in 1984 in connection with the psychiatric services being offered in the consolidated unit. Because there is no evidence as to the salaries of these new staff members, the inference that their combined salaries would cause defendant’s new annual operating costs to exceed the $200,000 threshold of § 22-21-263(a)(2) may be a bit strained. Such evidence is, however, more than defendant introduced as to the matter.
Moreover, all reasonable inferences arising from the facts are to be viewed most favorably to plaintiff, as the nonmoving party. White, 454 So.2d at 519; Warrior Drilling, 446 So.2d at 32. “If the evidence or any reasonable inference therefrom contains the merest gleam, glimmer, spark, the least particle or the smallest trace in support of the theory of the nonmoving party,” summary judgment is improper. Griffin v. Little, 451 So.2d 284, 287 (Ala.1984). See also Barrett v. Farmers & Merchants Bank of Piedmont, 451 So.2d 257 (Ala.1984).
In view of the above, we conclude that defendant failed to negate genuine issues of fact regarding the amount of its “new annual operating costs,” as that term is used in § 22-21-263(a)(2). The trial court thus erred in granting summary judgment to defendant, and the case is due to be reversed.
Our reversal renders it unnecessary for us to consider plaintiff’s argument that there are also genuine issues of material fact under § 22-21-263(a)(4). We note, however, that in this court’s opinion there was no genuine issue of fact as to this matter.
The uncontroverted evidence set forth in affidavits that defendant introduced in support of its summary judgment motion was that defendant had offered general psychi *594 atric services to the public since 1962 and had maintained M.D. psychiatrists on its staff since that time. Defendant further introduced documents showing that, during the 1983 calendar year, it had admitted 359 individuals to the hospital with either primary or secondary psychiatric diagnoses.
There was also evidence, including deposition testimony, which established that SHPDA itself had determined that defendant did not require a CON for the consolidation of its psychiatric services into an identifiable unit. Contrary to plaintiffs assertions on appeal, it appeared from such evidence that SHPDA made such determination because it agreed with defendant that the latter had offered general psychiatric services to the public on a regular basis during the preceding twelve months.
In response to this evidence, plaintiff introduced affidavits of psychiatrists which stated that certain of defendant’s 1983 admissions should not be considered as psychiatric admissions — specifically, those for alcohol or drug abuse or addiction. Assuming that this opinion as to what constitutes a psychiatric diagnosis is true, such evidence only lowers the total number of defendant’s psychiatric admissions in 1983. We view such a decrease to be of little importance. This court has already held that, in determining whether a service is a new institutional health service under § 22-21-263(a)(4), it is not the actual number of persons to whom the service is rendered which is important. Rather, it is the facility’s capability to offer the service. Koch v. Houston County Hospital Board, 432 So.2d 1309 (Ala.Civ.App.1983).
Plaintiff does offer affidavit evidence to show that defendant was not capable of offering general psychiatric services on a regular basis prior to consolidation, but such affidavits essentially show only that plaintiff’s definition of “general psychiatric services” differs from defendant’s interpretation of that term. Obviously, plaintiff’s and defendant’s definitions of what constitutes general psychiatric care and what constitutes the rendering of such care on a regular basis differ. Such does not controvert the facts, however.
Whether defendant’s offering of psychiatric services prior to the 1984 consolidation fit within the conditions of subdivision (4) of § 22-21-263(a) is a question of law, not fact. It was for the trial court to interpret the statute and determine whether the uneontroverted facts regarding the past psychiatric services offered by defendant fell within the scope of § 22-21-263(a)(4).
Because there were genuine issues of fact as to defendant’s new annual operating costs under Ala.Code (1975), § 22-21-263(a)(2), this case is due to be and is reversed and remanded to the trial court.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs in the result.