This is a real estate contract case.
The seller sued the purchasers for breach of a real estate contract for the purchase of a home which the seller was to build. The purchasers counterclaimed for the amount of the earnest money they had paid upon execution of the contract.
Both parties moved for summary judgment. The trial court granted the seller's motion and denied that of the purchasers. Thereafter, the trial court entered an order assessing damages against the purchasers in the amount of $5,477.99.
The purchasers appeal. We reverse and remand.
The facts of this case are not in dispute. The purchasers, husband and wife, contracted with the seller for the purchase of a lot and house which the seller was to build on the lot. The contract recites that earnest money in the amount of $808 had been received "to be sent to Ala Federal to tie loan down." It had apparently been agreed that the purchasers were to apply to Alabama Federal Savings and Loan Association for an adjustable rate mortgage loan, and the purchasers did make application for the loan.
Both parties agree that a requirement for obtaining an adjustable rate mortgage is that the property financed must be occupied by the borrower or a member of the borrower's immediate family. Approximately a month after the real estate contract had been executed, the purchasers learned that they would be moving to another state for employment reasons. They then requested Alabama Federal to terminate their adjustable rate mortgage application, which had apparently not yet been approved.
The purchasers contend that they did not breach the real estate contract because their obtaining an adjustable rate mortgage was a condition precedent to the sale of the property. Because their move from the state would prevent the property financed from being "owner occupied," they argue that they were not eligible for the mortgage and that the condition precedent to their performance never occurred. We agree.
The real estate contract provides: "This sale is subject to Purchaser obtaining a conv. ARM [conventional adjustable rate mortgage] loan . . . and Purchaser and Seller agree to exert all reasonable efforts and diligence to obtain such loan." The Alabama Supreme Court has recognized that such a provision in a real estate sales contract is a valid condition precedent to performance by the purchasers. Schottland v. Lucas,396 So.2d 72 (Ala. 1981).
The seller contends that the purchasers are not entitled to rely upon the condition precedent because they "voluntarily plac[ed] it out of [their] power to perform" the contract. This contention is not supported by the record. Rather, it appears that, after the contract was executed, the purchasers applied for the type of mortgage agreed upon in the contract and at the lender specified by the contract. Their application was apparently under consideration for approval by Alabama Federal when the husband's employer informed him that his job as a sales representative had been eliminated and that he was being transferred to North Carolina. Consequently, the purchasers had to move to North Carolina.
We do not agree with the seller that under such circumstances the purchasers *Page 1369 
voluntarily prevented or frustrated the occurrence of the condition precedent. Compare Schottland, 396 So.2d at 74, withLopez v. Broussard, 308 So.2d 837 (La.Ct.App. 1975).
The seller further contends that unexpected difficulty, expense, or hardship does not excuse a promisor's performance under a contract. Though such may be true as a general rule of law, it is our opinion that equity does not require the husband in this case to give up his employment so that the condition precedent of obtaining an adjustable rate mortgage loan can occur.
We thus conclude that the purchasers did not breach the real estate contract because, due to circumstances which were not their fault, the condition precedent to their performance under the contract did not occur.
The real estate contract provides: "Should this sale fail to close through no fault of Purchaser, all earnest money shall be refunded." Due to this provision in the contract, we further conclude that, when it became apparent that the condition precedent would not occur, the seller should have refunded to the purchasers their earnest money, the receipt of which by the seller is acknowledged on the face of the contract.
Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pruitt v. Elliott, 460 So.2d 1275
(Ala. 1984); White v. Law, 454 So.2d 515 (Ala. 1984). We find that the trial court erred as a matter of law in granting the seller's motion for summary judgment and denying that of the purchasers.
This case is reversed and the cause remanded for the entry of an order not inconsistent herewith. Our holding pretermits our addressing the other issues raised on appeal.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.