BRYAN, Judge.
Khaled Khalidi, one of the claimants in this interpleader action, appeals a summary judgment in favor of the other claimant, Weeks Family Partnership (“Weeks”), and the denial of Khalidi’s cross-motion for a summary judgment. We reverse and remand with instructions.
On October 24, 2001, Khalidi and Weeks signed a written contract titled “Commercial Sales Contract” (“the sales contract”) in which Khalidi agreed to purchase a parcel of real property (“the property”) from Weeks for $307,500. The sales contract required Khalidi to deposit $3,000 in earnest money with Ml South Properties, Inc. (“the escrow agent”), for it to hold in escrow. Paragraph 4 of the sales contract provided, in pertinent part, that “[i]n the event [Khalidi] fails to carry out and perform the terms of this contract, the earnest money shall be forfeited as liquidated damages at the option of [Weeks], provided [Weeks] agrees to the cancellation of this contract.” Addendum A to the sales contract provided, in pertinent part, that “[t]his contract is contingent upon [Khali-di’s] applying for and obtaining a loan in the amount of $200,000.” The sales contract provided that the parties would close the sale on or before November 31, 2001. Khalidi delivered the $3,000 in earnest money to the escrow agent.
On November 27, 2001, Khalidi and Weeks signed a written amendment of the sales contract (“the November 27 amendment”). The November 27 amendment extended the period for closing the sale until December 14, 2001, and provided that “all other terms and conditions remain the same.”
On December 24, 2001, Khalidi and Weeks signed a second written amendment of the sales contract (“the December 24 amendment”).[1] Paragraph 1 of the *258 December 24 amendment increased the earnest money by $5,000. Paragraph 2 extended the closing date of the sale to December 27, 2001. In addition, Paragraph 2 provided that “[i]n the event all conditions to [Khalidi’s] obligation to close have been satisfied and [Khalidi] fails to close the transaction, [Weeks] may terminate the Agreement, whereupon the earnest money deposit shall be forfeited as liquidated damages.” In accordance with the December 24 amendment, Khalidi delivered an additional $5,000 in earnest money to the escrow agent.
Khalidi obtained a loan commitment from BancorpSouth Bank (“BSB”) on December 19, 2001. This loan commitment required that the property serve as collateral for the loan and provided that BSB’s obligations under the commitment would terminate if the loan were not closed by January 19, 2002. The attorney who was to close the sale of the property from Weeks to Khalidi closed Khalidi’s side of the transaction on December 27, 2001. Weeks executed a deed conveying the property to Khalidi and transmitted a facsimile copy of the deed to the closing attorney on December 27. The closing attorney was prepared to deliver the purchase money to Weeks and close Weeks’s side of the transaction; however, Weeks refused to deliver the original deed unless Khalidi signed a written contract titled “Wholesale Brand and Sales Agreement” (“the wholesale contract”), which neither the sales contract nor any amendment of the sales contract obligated Khalidi to sign. Khalidi refused to sign the wholesale contract. Therefore, the sale did not close on December 27.
Weeks and Khalidi agreed to extend the closing date until December 28. However, because Weeks continued to insist that Khalidi sign the wholesale contract as a condition to delivery of the deed to the property and Khalidi continued to refuse, the sale did not close on December 28. Weeks and Khalidi then agreed to extend the closing date until January 9, 2002. However, because Weeks continued to insist that Khalidi sign the wholesale contract as a condition to delivery of the deed and Khalidi continued to refuse, the sale did not close by the January 9 deadline. When the sale had not closed on or before January 19, BSB’s obligations under the loan commitment terminated. Weeks terminated the sales contract on January 20, 2002.
On January 23, 2002, Khalidi sued Weeks for specific performance of the sales contract in the Jefferson Circuit Court. Weeks removed Khalidi’s lawsuit to the United States District Court for the Northern District of Alabama (“the federal court”) and counterclaimed for forfeiture of the earnest money. On March 6, 2003, Weeks filed a pleading with the federal court in which it consented to the entry of a judgment in favor of Khalidi providing for specific performance of the sales contract upon Khalidi’s tender of the consideration set forth in the sales contract at a closing within a reasonable time to be specified by the federal court. Khalidi then filed a pleading with the federal court in which he agreed to the entry of a consent judgment conforming with a proposed judgment he had attached to his pleading. On March 10, 2003, the federal court entered a consent judgment conforming with the proposed judgment attached to Khali-di’s pleading. That judgment stated, in pertinent part:
“[J]udgment is entered for [Khalidi] and against [Weeks] on all claims between the parties now pending before the Court, and it is additionally, specifically *259 ORDERED, ADJUDGED, and DECREED:
“1. That upon [Khalidi’s] tender of the consideration set forth in the Commercial Sales Contract at issue in Count I of the Complaint (‘the Contract’), at a closing to occur within a reasonable time, not to exceed twenty-one (21) days following the date of this Order, [Weeks] shall convey the property described in the Contract to [Khalidi]. Except for the closing date, all other terms and conditions of the contract shall remain in full force and effect. If the closing has not occurred by 5:00 p.m. on the last day of the time period provided for herein, the Contract between the parties shall be null, void and of no further effect.”
As mentioned above, Khalidi’s loan commitment from BSB had terminated on January 19, 2002. He was not able to obtain a new loan commitment from BSB after the federal court entered the consent judgment. On March 27, 2003, Khalidi obtained contingent approval for a loan from Private Funding Company (“PFC”). PFC conditioned its approval of the loan on, among other things, its performance of its “due diligence procedures.” Khalidi and Weeks had scheduled the closing for March 31. Khalidi requested that Weeks agree to extend the closing date if PFC were unable to complete the performance of its due-diligence procedures in time for the March 31 closing. When Weeks refused to extend the closing date to allow PFC to complete its due-diligence procedures, Khalidi moved the federal court to extend the period for closing the sale to give PFC a reasonable time to complete its due-diligence procedures. The federal court heard Khalidi’s motion on the morning of March 31. At the hearing, Weeks’s attorney stated that Khalidi would be required to sign the wholesale contract regardless of whether the sale were closed later that day or at any later closing of the sale ordered by the federal court. Upon Weeks’s attorney’s making this statement, Khalidi’s attorney withdrew Khalidi’s motion for an extension of the period for closing the sale.
PFC was unable to complete its due-diligence procedures on March 31, and, consequently, Khalidi was unable to obtain a loan on or before March 31. Khalidi then moved the federal court to vacate the consent judgment and set the case for trial on the ground that he would not have consented to the judgment if he had known that Weeks would again assert that he was required to sign the wholesale contract as a condition of closing the sale. The federal court denied Khalidi’s motion.
Subsequently, both Khalidi and Weeks demanded the $8,000 in earnest money from the escrow agent. The escrow agent then filed this interpleader action, named Khalidi and Weeks as parties, and inter-pleaded the $8,000. Thereafter, Weeks moved the trial court for a summary judgment and supported it with evidentiary materials and a brief. Khalidi filed a cross-motion for a summary judgment and supported it with evidentiary materials and a brief. Khalidi then filed a pleading opposing Weeks’s summary-judgment motion and supported it with additional evi-dentiary materials and a brief.
Weeks argued that it was entitled to the earnest money because, Weeks said, Khali-di, in failing to close the sale, had forfeited the earnest money pursuant to paragraph 4 of the sales contract, which provided that Khalidi would forfeit the earnest money if he “fail[ed] to carry out and perform the terms of [the sales] contract,” and paragraph 2 of the December 24 amendment, which provided that Khalidi would forfeit the earnest money if “all conditions to [Khalidi’s] obligation to close have been *260 satisfied and [Khalidi] fails to close the transaction.”
Khalidi argued that he was entitled to the earnest money because, he said, Weeks’s claim to the earnest money was barred by the doctrine of res judicata. Specifically, Khalidi argued that, because Weeks had counterclaimed for forfeiture of the earnest money in the federal court and the consent judgment entered by the federal court stated that “judgment is entered for [Khalidi] and against [Weeks] on all claims between the parties now pending before the Court,” the judgment entered by the federal court barred Weeks’s claim for forfeiture of the earnest money in this interpleader action.
In opposition to Weeks’s summary-judgment motion, Khalidi argued that Weeks was not entitled to a judgment as a matter of law because, he said, his failure to close the sale on March 31, 2003, did not cause him to forfeit the earnest money. Specifically, Khalidi argued that a condition precedent to his obligation to close the sale, i.e., his obtaining a loan of $200,000, had not been satisfied and, therefore, he was not obligated to close the sale on March 31, 2003. Khalidi further argued that he was not obligated to close the sale because he was not obligated to sign the wholesale contract, which Weeks had insisted that he sign as a condition to delivery of the deed.
Following a hearing, the trial court, without stating its rationale, denied Khali-di’s summary-judgment motion, granted Weeks’s summary-judgment motion, and entered a summary judgment in favor of Weeks. Khalidi appealed to this court. Because this court lacked subject-matter jurisdiction, this court transferred Khali-di’s appeal to the supreme court pursuant to § 12-1-4, AIa.Code 1975. The supreme court then transferred Khalidi’s appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
“Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999).... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.”
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003).
On appeal, Khalidi reiterates his argument that he did not forfeit the earnest money because a condition precedent to his obligation to close the sale on March 31, 2003, i.e., his obtaining a loan of $200,000, had not been satisfied before the period for closing the sale expired on March 31, 2003. Weeks argues that this condition precedent to Khalidi’s obligation to close the sale was satisfied because, Weeks says, the BSB and PFC loan commitments satisfied it.
The BCB loan commitment was in effect from December 19, 2001, through January 19, 2002. Khalidi tendered the purchase money at the scheduled closing on December 27, 2001; however, the sale did not close on that occasion because Weeks breached the sales contract by insisting that Khalidi sign the wholesale contract as a condition precedent to Weeks’s delivering the deed. Weeks continued to insist that Khalidi sign the wholesale contract until the BSB loan commitment terminated on January 19, 2002. Weeks then terminated the sales contract the next day.
Although Khalidi’s obtaining the BSB loan satisfied the condition precedent to his closing the sale while the BSB loan was available to him, he did not forfeit the earnest money during that period because he performed his closing obligation by tendering the purchase money. The consent *261 judgment entered by the federal court on March 10, 2003, reinstated the sales contract over a year after BSB’s obligation to make a loan to Khalidi had terminated. Thus, the BSB loan commitment could not satisfy the condition precedent to Khalidi’s obligation to close the sale on March 31, 2003.
On March 27, 2003, PFC approved a loan to Khalidi subject to the condition, among others, that PFC perform its due-diligence procedures. Addendum A to the sales contract provided that “[t]his contract is contingent upon [Khalidi’s] applying for and obtaining a loan in the amount of $200,000.” (Emphasis added.) Because PFC had not completed its due-diligence procedures before the period for closing the sale expired on March 31, 2003, Khalidi had not “obtained” a loan from PFC before the period for closing the sale expired. Thus, the PFC conditional loan approval did not satisfy the condition precedent to Khalidi’s obligation to close the sale on March 31, 2003. Consequently, Khalidi’s failure to close on March 31, 2003, did not cause him to forfeit the earnest money. Carmichael v. Lambert Constr. Co., 487 So.2d 1367 (Ala.Civ.App.1986) (holding that the purchasers were entitled to the earnest money they had paid the seller because a condition precedent to the purchasers’ obligation to purchase the property, i.e., the purchasers’ obtaining financing, had not been satisfied). Therefore, the trial court erred in entering a summary judgment in favor of Weeks. Carmichael. Moreover, because Khalidi did not forfeit the earnest money, he is entitled to a judgment as a matter of law awarding him the earnest money. Accordingly, we reverse the summary judgment in favor of Weeks and remand the case with instructions for the trial court to enter a summary judgment in favor of Khalidi. We pretermit discussion of the other issue raised by Khalidi.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and PITTMAN, J., concur.
MURDOCK, J., concurs in the result, with writing.
THOMPSON, J., dissents, without writing.

. The record does not explain why the parties waited until December 24, 2001, 10 days after the deadline for closing under the November 27 amendment, to sign the December 24 amendment.